## MYERS ET AL. V. DAVIS ET AL.

1. **Judgment:** COLLATERAL ATTACK: ADMINISTRATOR. Where the Circuit Court ordered a sale of real estate to pay the debts of a decedent upon an administrator's petition which did not contain a full statement of all the claims against the estate, *held,* that the judgment of the court therein, even if erroneous, could not be collaterally impeached.

2. ——: ——: ——: NOTICE. Notwithstanding the notice served upon parties adversely interested did not declare what relief would be asked, or contain a description of the property sought to be sold, yet it was sufficiently specific when attached to the petition, which fully set out both the relief asked and a description of the property.

3. ——: ——: SERVICE OF NOTICE. That the service of the notice was defective, merely, would not render the judgment void and subject to collateral attack.

4. ——: ——: GUARDIAN AD LITEM. The failure of the court to appoint a guardian *ad litem* for the minor defendants constituted a mere irregularity, which could not be taken advantage of in a collateral proceeding.

*Appeal from Des Moines Circuit Court.*

FRIDAY, DECEMBER 7.

THE plaintiff, Mary J. Myers, as widow, and the other plaintiffs as children and heirs of Michael Myers, Jr., claim the undivided one-seventh of certain lands in the petition described, and ask that the same be partitioned.

The defendants claim title to the land in virtue of administrator's sales made March 30 and August 8, 1863, and December 17, 1864, by M. W. Robinson, administrator of the estate of Michael Myers, Jr., deceased. The plaintiffs filed a reply averring "that the pretended conveyance by M. W. Robinson, as administrator of the estate of Michael Myers, Jr., deceased, of the real estate in question, as set out in defendant's answer, is fraudulent, null and void, of which facts plaintiffs were not advised until but a short time prior to the commencement of this action. That the County Court did not have proper jurisdiction, either of the subject matter or the persons of the parties adversely interested, to order or

authorize the sale by the administrator of the premises in question, and that all proceedings had before said County Court were *coram non judice*, for the reasons:

1. No statement of all the claims against said estate was made to the court, or account rendered of the disposition made of the personal estate. 2. The petition of the administrator for authority to sell was not verified by oath, nor was a copy thereof, with a notice of the time at which such application would be made to the court served upon the defendants therein. 3. No guardian or guardian *ad litem* was appointed, appeared for, or interposed any defense in behalf of, the minors in said case, which minors are all the plaintiffs in this action, with the exception of Mary J. Myers."

Upon the part of plaintiffs it was proven that Michael Myers, Jr., died in October, 1860, seized of the lands in controversy, leaving Mary J. Myers, his widow, and three daughters, all of whom were minors at the time of the administrator's sale. The defendants then submitted in evidence a transcript of the proceedings had in the court in reference to the sale of the lands in controversy, showing the following facts: The bond and oath of M. W. Robinson, as administrator of the estate of Michael Myers Jr., deceased, were filed in the office of the county judge June 11, 1861. Said administrator petitioned for authority to sell real estate as follows: '' The undersigned, executor of the estate of Michael Myers, Jr., deceased, represents: That there are no personal effects liable to administration belonging to said estate with which to pay off the debts already allowed against the same; that the claims of Drs. Dement and McLaren, and the claim of M. Wooderd, amount to about the sum of one hundred dollars; that in order to raise means with which to pay off this amount certain of the real estate belonging to said decedent will have to be sold; that said deceased had no real estate at the time of his death, excepting an undivided interest in the lands of which his father, Michael Myers, Sr., died seized." The petition prays for an order to sell, either at public or private sale, the undivided interest of Michael Myers, Jr., in the real estate described in plaintiff's petition. Attached to this petition was an orig-

inal notice, duly signed, as follows: "To Mary J. Myers, Mary C. Myers, Sarah E. Myers and A. A. Myers, heirs at law of Michael Myers, Jr., deceased: You are hereby notified that a petition, of which the foregoing is a true copy, will be presented to the county court of Des Moines county, state of Iowa, on the first Tuesday in August, A. D. 1861, at which time and place all persons interested will be heard, if objecting to the granting the order of said court therein set forth." The petition and notice were returned served as follows: " I, Wm. Wooderd, do solemnly swear that on Thursday, the 25th day of July, A. D. 1861, I did serve the foregoing petition and notice upon the widow and minor heirs of Michael Myers, Jr., deceased, named therein, by reading the same in their presence and hearing." On Tuesday, August 6, 1861, the following order was entered: " On this day came on for hearing the petition of M. W. Robinson, executor of said estate, for license and authority to sell certain of the real property belonging to said estate for the purpose of raising means whereby to pay off the indebtedness against said estate. Whereupon, it having been proved to the satisfaction of this court that notice as required by law has been given all persons interested in such real property, of the hearing of this case, and all and singular the premises being seen and heard, it is ordered and decreed by the court here that said executor have license and authority to sell the undivided interest of said decedent in and to the following real estate, of which said Michael Myers, Sr., died seized.   *   *   *   *   *   * " The transcript further shows the appointment of appraisers, the appraisement of the property, and the approval of the sales and deeds to defendants. The court found for the defendants, and dismissed plaintiffs' petition. Plaintiffs appeal.

*P. Henry Smyth* and *T. B. Snyder*, for the appellants.

*Hall & Baldwin*, for the appellees.

DAY, CH. J.—I. It is claimed by appellant that the county court had no jurisdiction of the subject matter, because no statement of all the claims against the estate was made to the

court, and no account was rendered of the disposition made of the personal estate. Section 2375 of the Revision provided that applications for the sale of a sufficient portion of the real estate to pay off the debts and charges upon the estate can be made only after a full statement of all the claims against the estate, and rendering a full account of the disposition made of the personal estate. The Code of 1851 contained the same provision. The law in force prior to the Code of 1851, Revised Statutes of 1843, chapter 162, sub-chapter 10, section 3, provides that in order to obtain a license for the sale of real estate the executor or administrator should present to the court a petition setting forth the amount of debts due from the deceased, as nearly as they can be ascertained, and the amount of charges of administration, and the value of the personal estate. This provision of the statute of 1843 was construed in *Morrow v. Weed*, 4 Iowa, 77. The administrator filed his petition, praying for leave to sell real estate, and representing that the indebtedness of the estate amounted to about $1,500, and charges of administration to between $150 and $200, and that the personal estate was insufficient to discharge that amount. It was objected to the sale that the administrator's petition did not show the value of the personal estate. The court held that the sale was not void because of the defect in the petition, and, on page 89, employed the following language: "When a court has jurisdiction it has a right to decide every question which occured in the cause, and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court. * * * The question then is, when does jurisdiction arise, or what gives jurisdiction? The answer is: First, the law; second, a petition, or whatever stands in its place; third, notice, when such is required. * * * If there be a petition, or the proper matter of that nature to call into action the power or jurisdiction of the court, the sufficiency of it cannot be called in question collaterally. This is for the appellate power only." This decision was made, it must be observed, under a statute which points out specifically what the petition must contain, whilst section 5375

*Margin note:* 1. JUDGMENT: collateral attack administrator.

of the. Revision makes no provision as to what the petition must state. The petition in this case stated that there were debts against the estate amounting to about one hundred dollars; that there were no personal effects liable to administration, and that in order to pay the debts certain of the real estate must be sold. This petition was sufficient to give the court jurisdiction over the subject, and to authorize it to act in the premises. If the court ordered the sale without a more full statement of *all* the claims against the estate, and a full account of the disposition made of the personal estate, the most that can be said is that it acted erroneously, and its judgment might have been reversed on appeal. It cannot be admitted that its judgment can be collaterally impeached for want of jurisdiction over the subject matter. The foregoing discussion disposes also of the objection that the petition was not verified by oath. The statute does not require it to be so verified; and if it did, the want of verification would not affect the jurisdiction. *McCraney v. McCraney*, 5 Iowa, 232 (254).

II. It is next objected that no legal notice was served on the parties adversely interested, that the notice simply recited that a petition will be presented to the county court, and contains no statement as to what will be asked, nor a description of the property sought to be sold. But the notice was attached and made reference to the petition, which contained a full description of the property involved, and a statement of what was asked. Taken in connection with the petition the notice was sufficiently specific.

*2. —: —: notice.*

III. It is next claimed that the *service* of the notice is not sufficient to confer jurisdiction. 1. It is said no parties are named on whom the notice was served. The notice named specifically the persons to whom it is addressed, and the return states the petition and notice were served upon the widow and minor heirs named therein. This sufficiently specifies the parties served. 2. It is objected that the notice was read in the presence and hearing of the parties served, and not *to* them; that no copy of the notice was delivered or offered, and that no service was made on the father, mother or guardian of the minors, they being under fourteen

*3. —: —: service of notice.*

years of age. It may be admitted that the service in this case was defective, and that, upon appeal, the judgment would have been set aside. And yet it is not a case of no service, rendering the judgment of the court void for want of jurisdiction, and liable to collateral attack. In *Morrow v. Weed, supra,* it is said: "If there be a notice or publication, or whatever of this nature the law requires in reference to persons or other matters, its sufficiency cannot be questioned collaterally."

When there is a service insufficient only in the manner of making it, a question of jurisdiction is raised which the court must decide, and if it does so erroneously the judgment, though voidable, is binding until reversed and corrected on appeal. *Bonsall v. Isett,* 14 Iowa, 309. See, also, *Pursley v. Hayes,* 22 Iowa, 11 (37); *Shawhan v. Loffer,* 24 Iowa, 217 (226); *Mooney v. Maas,* 22 Iowa, 380 (384).

IV. It is next objected that the sale is void because no guardian *ad litem* was appointed for the minors. There is no 4. ——: ——: express provision of the statute requiring the appointment of a guardian *ad litem* in such cases. But, if it should be conceded that a guardian *ad litem* should have been appointed, the failure to make such appointment constitutes a mere irregularity. It does not render the judgment void. See *Drake v. Hanshaw,* at the present term.

AFFIRMED.