CALVIN MARKLEY, Appellant v. THE WESTERN UNION TELEGRAPH COMPANY, Appellee.

**Damages:** NOTICE OF CLAIM: PROOF OF SERVICE. The statement in the affidavit of service of notice of a claim for damages, that the service was made upon the duly authorized agent of the defendant corporation at a certain place, is not objectionable as a mere conclusion, thus rendering the notice and return inadmissible in evidence.

**Same.** Proof of service of notice of a claim for damages may be in form the same as the return of service of an original notice, except that it must be sworn to as required by Code section 4681; but in case the service is insufficient because not sworn to it may be proven by the direct testimony of the person making the service.

**Agency:** EVIDENCE. The testimony of a witness that he was frequently at the office of the defendant telegraph company, knew the operator and saw him attending to the actual business of the company, is competent, and sufficient to make a *prima facie* case of agency.

**Telegrams:** NEGLIGENT DELIVERY: PROXIMATE CAUSE. Negligent delay in the delivery of a telegram will not give rise to a cause of action unless such negligence was the proximate cause of the injury complained of; so that where the evidence showed that if a message sent on the 28th of the month had been delivered on the 29th or 30th no injury would have resulted, a notice of claim for damages served within sixty days after the 30th was a compliance with Code section 2164, providing that such notice must be served within sixty days from the time the cause of action accrues.

**Same.** Where the evidence would have justified the jury in finding that had a message sent on the 28th of the month been delivered on the 29th, the telegraph company would not have been guilty of negligent delay, notice of claim for injury served within sixty days from the latter date was within the statute as to time of service.

**Same.** Plaintiff's claim for damages was based on defendant's negligent delay in delivering a message sent on the 28th until the 31st of December, notifying him of his mother's illness too late to reach her bedside prior to her death. *Held,* that even though de-

fendant may have been negligent in failing to deliver the message on the 28th still such negligence continued up to the 31st and notice of his claim for mental pain served on the 28th of February following was timely.

**Telegrams:** DELAY IN DELIVERY: DAMAGES: NOTICE OF CLAIM: EVIDENCE. Where the provision printed on the back of a telegraph blank, on which a message was written, providing that a claim for negligent delivery should be presented within sixty days from filing the message for transmission, was not offered in evidence, such provision was not controlling on the question of notice of such claim.

**Same.** The sendee of a telegram may bring an action in tort for negligent delay in its delivery, waiving his rights under the contract; and where this is done a provision of the contract requiring notice of claim for damages to be served within a specified time is not effective.

**Same:** STATUTORY PROVISIONS. By the provisions of Code sections 2163 and 2164, the sendee of a telegram has a cause of action for a negligent delay in its delivery, independent of any provisions of any contract with respect thereto; the statute operating to limit the right of telegraph companies to require by contract the presentation of a claim for damages within a specified time as a basis of a right of action for negligence.

*Appeal from Carrol District Court.*—HON. Z. A. CHURCH, Judge.

FRIDAY, JULY 2, 1909.

REHEARING DENIED, FRIDAY, OCTOBER 1, 1909.

THE plaintiff brought this action for damages for mental suffering, caused by negligent delay in the delivery of a telegraphic death message. At the close of his evidence the trial court dismissed his case, and entered judgment against him for costs. Plaintiff appeals.—*Reversed.*

*George W. Bowen* and *J. B. McCrary,* for appellant.

*Lee & Robb,* for appellee.

EVANS, C. J.—The plaintiff was a resident of Platts-mouth, Neb., at the time of the occurrences complained of herein. On December 28, 1906, at about 9:45 p. m., the plaintiff's brother filed with the defendant at Glidden, Iowa, the following prepaid message for immediate trans-mission to the plaintiff: "Mother not expected to live until morning. Come at once." This message was im-mediately transmitted to defendant's operator at Platts-mouth, but was not delivered to the plaintiff until nine or ten o'clock a. m. of December 31st. Thereupon the plaintiff took the first train, leaving his home at five p. m., on the same day, and arriving at the station nearest his mother's home at 11:30 p. m. Upon such arrival he learned that his mother had died at four o'clock that day. His petition averred that on February 27, 1907, he presented his claim in writing to the defendant com-pany by serving written notice thereof upon one William Clement, its agent at Plattsmouth, Neb., and that he like-wise presented his claim to the defendant on February 28, 1907, by serving written notice thereof on one Flans-burg, the agent of the defendant company at Glidden, Iowa. The answer of the defendant was a general de-nial. The plaintiff offered evidence tending to support all the allegations of his petition. The trial court ruled out all evidence offered by him tending to prove the pre-sentation of his claim on February 27th by serving written notice upon William Clement. That such claim was pre-sented on February 28th by serving written notice upon Flansburg at Glidden was conceded at the trial. At the close of the evidence the trial court directed a verdict on the ground that the plaintiff had not proved a presentation of his claim within sixty days from the time his cause of action accrued, as required by section 2164 of the Code. The only controversy presented to us turns on this question.

I. The plaintiff attempted to prove by C. D. Quin-

ton, sheriff of Cass County, Neb., that he had served the written notice pleaded by plaintiff upon defendant's agent at Plattsmouth.   The writen notice contained the following indorsement and return: "The foregoing notice came into my hands for service on the 25th day of February, 1907, and on the 27th day of February, 1907, I duly served the same upon the Western Union Telegraph Company by reading the same to William Clement, their duly authorized agent at Plattsmouth, Nebraska, and delivering to him a true copy thereof.   All done on the day and at the place above written.   C. D. Quinton, Sheriff Cass County, Nebraska."   This return was not sworn to, and was therefore not a sufficient compliance with section 4681 of the Code, which provides that such proof of service may be made by affidavit within six months.   To avoid the necessity of producing the sheriff as a witness the plaintiff procured a stipulation from defendant's counsel, to the effect "that if C. D. Quinton, sheriff of Cass County, Neb., were present, he would testify that on the 27th day of February, 1907, he served the notice in question upon the Western Union Telegraph Company, defendant herein, by reading the same to William Clement, their duly authorized agent in Plattsmouth, Neb., and delivering him a true copy thereof.   Said evidence to be subject to objections which the defendant may press at the time the exhibit is offered in evidence.   The evidence to have the same force and effect as though the witness were present on the witness stand, testifying to the above statements."

The plaintiff offered in evidence the written notice referred to, together with the stipulation of counsel in reference to the testimony of the sheriff.   Thereupon the defendant objected to the evidence as incompetent, on the ground that the statement that "Clement is the duly authorized agent of the defendant" is a mere conclusion of the witness.   This objection was sustained.   Thereupon the

plaintiff was recalled, and the following questions were put to him by his counsel, each of which was ruled out by the court upon objection that the same was incompetent and a conclusion. "Q. Now, Mr. Markley, you said in your former examination that from the time you commenced to work for Mr. Espenberger to the time of receiving this telegram that you were frequently at the depot. I will ask you if you saw William Clement there? Q. What was this man doing? Q. Do you know who the operator at Plattsmouth was for the Western Union Telegraph Company? Q. Did you see any one outside of Mr. Clement working at the telegraph office designated on or about the 27th of February, 1907, and before and after? Q. Have you seen Mr. Clement sending telegrams or delivering telegrams from the office of the Western Union Telegraph Company, the latter part of February, 1907, at Plattsmouth, Neb.?" As already indicated, none of these questions were permitted by the court to be answered.

The trial court erred in the first instance in sustaining objection to the purported testimony of the sheriff. That such testimony involved a conclusion to some extent

1. DAMAGES: notice of claim: proof of service. may be conceded. But it was such a conclusion as is usually, if not necessarily, involved in the general knowledge obtained by the public as to the identity of agents of corporations dealing with the public. Such knowledge is usually a matter of inference, arising from the apparent agency, and it is sufficient *prima facie* proof of such fact.

The purported testimony of the sheriff would have been sufficient in form to constitute an official return upon an original notice. It would have been sufficient as a re-

2. SAME. turn in this case if it had been verified by affidavit within six months, as required by section 4681. We can see no good reason why the same

form of statement could not properly be included in the form of direct testimony.

For the same reason the questions propounded to the plaintiff himself as a witness were proper, and he should have been permitted to answer them, in view of the then 3. AGENCY: state of the record. The plaintiff had pre-
evidence. viously testified that he had worked for three months within one block of defendant's office at Platts-mouth. It was clearly competent for him to testify on the subject inquired about. The questions clearly dis-closed their purpose, and their evident tendency was to prove that Clement was in charge of defendant's office at Plattsmouth. That would be sufficient *prima facie* proof of agency, and it was entirely immaterial whether the words "duly authorized" were included or not.

II. The theory urged by the defendant, and adopted by the trial court, was that plaintiff's cause of action ac-crued on December 28, 1906, and that the presentation 4. TELEGRAMS: of his claim on February 28, 1907, was
negligent de- too late to comply with the following pro-
lay: proximate
cause. vision of section 2164: "But no action for the recovery of such damages shall be maintained unless a claim therefor is presented in writing to such com-pany, officer or agent thereof within sixty days from time cause of action accrues." If it were conceded that the de-fendant was negligent as a matter of law, in failing to deliver the message to the plaintiff on the night of Decem-ber 28th, it would not necessarily follow that such negli-gence on that date resulted in the injury of which plain-tiff complains. The plaintiff's claim for damages is con-fined to mental suffering by reason of his failure to see his mother before she died. It is manifest from the evi-dence that, if the message had been delivered on the 29th or even on the 30th, the plaintiff could have reached his mother's bedside in time to have seen her in life, and the particular injury for which he sues would have been

thus avoided, notwithstanding negligent delay on the 28th or 29th. Indeed, for aught that appears in the evidence, if the telegram had been delivered a few hours earlier on the 31st, such injury would not have resulted. We know of no rule that would forbid the plaintiff from waiving the negligence of the first days, and basing his right of recovery upon the continuation of negligence, to that point of time which rendered it impossible for the plaintiff to reach his mother's bedside. Be that as it may, it is clear that the mere act of negligent delay on the part of the company would not give rise to a cause of action to the plaintiff until such negligent delay became the proximate cause of the injury complained of.

Taking the question from another point of view, it cannot be said that the defendant was negligent as a matter of law in failing to deliver the message on the night of December 28th. At most it was a question of mixed law and fact. A jury might well find that, if it had delivered the message on December 29th, it would not have been guilty of negligent delay. Upon that theory the presentation of plaintiff's claim on February 27th was within the statutory time.

5. SAME.

But there is still a third view of the situation, which is quite as decisive against the defendant. Assuming the defendant to have been guilty of negligent delay in failing to make delivery on December 28th, its negligence was nevertheless a continuing negligence up to December 31st. Its identity was not lost by its persistent continuation. It will be noted that the only mental suffering for which the plaintiff claims damages was such as was caused by his failure to see his mother before death. For this particular injury he could not have sued on December 29th nor on December 30th, because on such days the opportunity was still open to him to reach the bedside. From whatever point we view the case, therefore, we think the jury could have found that plaintiff's

6. SAME.

presentation of his claim was in time to comply with the requirements of section 2164.

III.    The defendant directs our attention to the provisions of the contract, indorsed on the back of the blank form upon which the message was written. This alleged

**7. TELEGRAMS: delay in delivery: damages: notice of claim: evidence.**

contract calls for a presentation of the claim "within sixty days after the message is filed with the company for transmission." It contends that this provision is controlling, and fixes the day from which the sixty days shall be computed. In support of this contention it cites *Albers v. Western Union Telegraph Company,* 98 Iowa, 52. There are several reasons why this contention cannot be sustained. The first is that the contract was not introduced in evidence. The plaintiff gave oral evidence of the contents of the message, and no reference is made to such contract in his evidence. Exhibit A is referred to in the record, but neither party offered it.

A second reason is that the plaintiff was the sendee of the message, and brings his action in tort, and not on contract. This he had a right to do. *Cowan v. Telegraph Company,* 122 Iowa, 379. In the *Albers*

**8. SAME.**

case, the plaintiff, as sender, sued upon his contract. At the time that case was decided, the provision of section 2164, which we have already quoted, was not in effect.

Taking sections 2163 and 2164, and construing them together, they create a cause of action in favor of the plaintiff, notwithstanding "the provisions of any contract to the contrary." Under section 2164 such

**9. SAME: statutory provisions.**

cause of action may be continued in force by presenting a claim within sixty days as therein provided. To give effect to the provision of the contract which is quoted by defendant would be to render this provision of the statute nugatory, and its enactment quite useless. It would also enable the defendant to de-

prive the plaintiff of a part of the statutory time, by the same negligent delay which gives rise to his cause of action, and which would keep plaintiff in ignorance of such cause of action. We think it was the intent of the Legislature to limit the right of the telegraph company in this respect to the statutory provision, and that it is not competent for the defendant to qualify such provision to the detriment of the plaintiff.

For the reasons pointed out, the judgment below must be reversed.