GEO. P. MULLINNIX, Administrator of the Estate of DAVID MULLINNIX, Deceased, Appellee, v. ELIZABETH BROWN ET AL., Defendants, ELIZABETH BROWN and ANNA C. CONVEY, Appellants.

**Estates of decedents:** SALE OF REAL ESTATE: NOTICE: WAIVER. An
1   heir to an estate who accepts service of notice of an application to sell the real estate, waives time of service and asks that an order be granted, can not complain of the order directing the sale.

**Same:** NOTICE. The court or judge has power under the statute to prescribe the notice to be given of an application by an administrator to sell the real estate belonging to the estate; and notice to one whose residence was unknown by posting the same pursuant to the order of court was at most only defective, and did not render the proceeding wholly void for want of jurisdiction.

**Same:** FAILURE TO GIVE NOTICE: REMEDY. Ordinarily one properly served with an original notice can not complain that a codefendant was not properly served; the remedy, if any, is for the one not served to apply for a hearing or reopening of the case.

**Same:** PARTITION: ABATEMENT OF SALE. An action to partition the lands of an estate may be commenced before the time for filing claims has elapsed, but no order of partition should be made until it is definitely settled that the real estate will not be required to pay debts. Hence the pendency of partition proceedings is not ground for abating an application by the administrator to sell.

**Same:** SALE TO PAY DEBTS: NATURE OF DEBTS. The cost of a suitable monument for one deceased is properly chargeable against his estate; and in the absence of sufficient personalty the real estate may be sold on prior application to meet such a charge.

**Same:** SALE en masse. Where it affirmatively appears to be impracticable to sell estate lands otherwise than in a body an order of sale in that form will be approved.

**Same:** SALE TO PAY DEBTS. An order for the sale of a decedent's lands to pay debts will not be set aside on the ground that defects in the title might have been cleared up and a better price obtained if a pending partition suit had been permitted to proceed; especially where there was no showing that a better price might thus have been obtained: And for the further reason that partition suits do not ordinarily serve the purpose of actions to quiet title.

*Appeal from Keokuk District Court.*—HON. H. E. WIL-COCKSON, Judge.

THURSDAY, JUNE 8, 1911.

APPEAL from an order of the district court sitting as a court of probate, authorizing the sale of certain real estate owned by David Mullinnix, deceased, for the payment of debts and charges against his estate. *Affirmed.*

*C. M. Brown,* for Appellants.

*J. H. Wylie* and *Stockman & Baker,* for appellee.

DEEMER, J.—David Mullinnix died intestate on the 29th day of November, 1909, seised of the real estate in controversy, which consists of fifty-two and one-half acres of land situate in Keokuk county, Iowa. Geo. P. Mullinnix, a son, was appointed administrator of his estate, and duly qualified as such. Certain claims amounting to approximately $147 were filed against the estate and allowed by the administrator, and, upon application made to the probate court, the said administrator was authorized and directed to purchase a monument at a cost not to exceed $150 to mark the grave of the deceased. Pursuant to this latter order, the administrator contracted for a monument, agreeing to pay therefor the sum of $115. The personal property of the deceased was all exhausted in paying the expenses of the last illness and funeral expenses, save the sum of $49.81. On the 3d day of February, 1910, the administrator filed his application in due form to sell the real estate of which the intestate died seised, making all the heirs of the deceased parties defendant thereto. Upon presentation of this application to the district judge, an order was made directing that service of notice thereof be given by personal service on all parties interested at least five days prior to February 25, 1910, and that, in case the residence of any interested party is unknown, service be had by posting one written notice at the front door of the courtroom at least five days prior to the said 25th day of February, at which time it was ordered that the application for authority to sell be heard. Most of the defendants accepted service of the notice, but it was personally served upon the defendant and appellant, Elizabeth Brown on the 8th day of February, proof thereof being filed on the 17th of that month. Anna C. Convey, one of

the appellants, accepted service of notice and Hattie Roe,
a defendant, but not an appellant, was served by the post-
ing of the notice at the front door of the courthouse, which
posting with the proof thereof was made on the 7th day
of February, 1910.  Appellant, Elizabeth Brown, appeared
and filed answer to the application, in which she claimed
that the court had no jurisdiction of the matter because
the service of notice on Hattie Roe was insufficient, and
she also pleaded that part of the property which the ad-
ministrator asked to sell was the homestead of the de-
ceased, and not subject to his debts.  She further pleaded
another action pending, this being a partition proceeding
in which she, as plaintiff, with her husband, Rezin Brown,
Anna C. Convey, and her husband, as plaintiffs, brought
an action against the other heirs of the deceased for the
partition of the real estate in controversy.  In this action
it was alleged that each of the heirs of the deceased, being
sons and daughters, was entitled to an undivided one-sixth
interest in the said real estate, and, alleging that the same
could not be partitioned in kind, they asked that the same
be ordered sold and the proceeds distributed to the pro-
spective owners *pro rata,* according to the shares held by
each.  Some other defenses were pleaded which need not
be noticed.  The petition in the partition case seems to
have been filed on January 20, 1910, notice thereof by
publication having been given to two of the heirs who are
and were nonresidents of the state.  The administrator en-
tered an appearance to the partition suit on the 1st day
of February, 1910, and filed an answer in which he al-
leged that the year for filing claims had not yet expired,
and that it then appeared that the debts of the deceased
were largely in excess of the personal property left by
him, and he asked that the partition case be abated or con-
tinued until the time for filing claims against the estate
had expired.  On the 15th day of February plaintiffs in
the partition action formally made the administrator a'

party defendant, and on the 22d day of that month the plaintiffs in the partition suit filed an amendment to their petition. Notice of the petition and of this amendment was given to various of the parties defendant by publication, the last of which was on the 17th day of March, 1910. On these issues the administrator's application for the sale of the real estate came on to be heard at the regular February term of court some time in March of the year 1910, resulting in an order for the sale. It is from this order that Elizabeth Brown and Anna Convey appeal.

Many propositions are relied upon for a reversal, and to such as are deemed controlling we shall now turn our attention. It is contended for appellant that the order should not have been made for the reason that forty acres of the land was the homestead of the deceased at the time of his death. A careful examination of the record shows that this claim is without support in the testimony. We shall not set out the evidence upon which we base our conclusion, for to do so would serve no useful purpose.

I. Anna Convey, one of the defendants and appellants, accepted due and legal service of no-

1. ESTATES OF DECEDENTS: sale of real estate: notice: waiver.

tice of the application to sell, waived time, and asked that an order be granted as prayed. Such being the situation, she is in no position to complain.

But it is contended that one of the heirs who was made a party to the application to sell, to wit, Hattie Roe, was not served with notice, and that the court by reason

2. SAME: notice.

of that fact was without jurisdiction to enter any order. That there was an attempted service of notice upon her is apparent from what we have already said, but it is argued that this service was entirely unwarranted and without authority in law and that by reason thereof the court had no power or authority to grant the order prayed. Section 3324 of the Code provides: "Before any order to that effect can be made, all persons

interested in such real estate shall be served with notice in the same manner as is prescribed for the commencement of civil actions, unless a different one is prescribed by the court or judge." This section gave either the court or the judge power to prescribe the notice which may be given of such applications as are here involved. Such an order was made in this case and compliance therewith was had by the administrator. The most that can be said regarding this matter is that the notice was defective or insufficient. It is not a case of no notice, but of defective notice, and, as Hattie Roe is not complaining, it is not for her codefendants to make complaint. Counsel's contention that the notice must be served like an original one can not be sustained, for the section quoted undoubtedly has reference to the manner of service rather than the substance of the notice. It is not true, as counsel contend, that failure to give notice of an application to sell real estate to some one of the interested parties renders the proceedings entirely void and open to collateral attack at the instance of some party who was properly served.

The remedy, if there be any, is for the party not served to apply at a proper time for a hearing or a reopening of the case. As a general rule, one properly served with an original notice can not complain of the fact that a codefendant was not properly served with notice. None of the authorities cited and relied upon by appellants upon this proposition seem to run counter to the views here expressed. At any rate, this is not a case of no notice, but where, at most, the service was defective. In such cases the judgment is not void. See, as sustaining these views, *Spurgin v. Bowers,* 82 Iowa, 187; *Myers v. Davis,* 47 Iowa, 325; *Mullin v. White,* 134 Iowa, 681; *Wescott v. Sioux City,* 141 Iowa, 459.

II. Further claim is made that the application for the sale of the real estate was made after the commence-

3. SAME: failure to give notice: remedy.

ment of the partition suit, and that the whole matter should
have been adjusted in the latter action and
the application to sell abated. This is upon
the theory that more adequate and com-
plete relief could have been granted in the partition case.
But this is not true.

4. SAME: parti-
tion; abate-
ment of sale.

Of course, partition suits may be brought before the
time has expired for the filing of claims against the estate
of one deceased, but the more orderly procedure is to defer
such actions and allow the matters to proceed in probate,
giving to the administrator the right and requiring of him
the duty of selling the real estate when necessary to pay
the debts of the estate. Counsel seem to rely upon *Hawk
v. Day,* 148 Iowa, 47, in support of their proposition that
the whole matter should have been settled in the partition
suit, but this case does not support their contention in
any particular. In *Thomas v. Thomas,* 73 Iowa, 657,
it is said: "It is plain that the lands can not be parti-
tioned subject to the claims of the creditors of the estate,
for it can not be determined just what lands, after the
payment of debts, will be owned by the estate, or will
descend to the heirs. The creditors can not be subjected
to delays or impeded in the enforcement of their claims
against the lands of the estate. So the law will not permit
the vain thing to be done of partitioning lands when it
can not be determined what interest the heirs have in them,
nor just what lands are subject to partition." The same
rule was announced in *Snyder v. Snyder,* 75 Iowa, 255,
wherein was said: "Now, it is true a partition of lands
should not be ordered until it is determined that the per-
sonal estate is sufficient to pay the debts. *Thomas v.
Thomas,* 73 Iowa, 657. But it is not a question of juris-
diction. An action may be commenced, and, if it does not
appear at the time partition is made that it will not be
necessary to resort to the real estate to pay the debts, the
decree partitioning the lands ought not to be disturbed."

These cases were followed in *Smith v. Smith,* 132 Iowa, 701. See, also, *Minear v. Hogg,* 94 Iowa, 641.

The pendency of the partition proceedings was therefore no reason for abating the application to sell the real estate for the payment of debts.

III. Again, it is said that no order to sell should have been made because of lack of proof of the allowance of any claims save that for the monument, which was se-

5. SAME: sale to pay debts: nature of debts.

cured upon order of court, and that there exists no authority in law for ordering a sale of real estate for the purpose of paying such claims. In this contention counsel are in error. The record does show the allowance of claims against the estate of the deceased for more than the amount of money and personal property in the hands of the administrator. Moreover, we think that real estate left by one deceased may be sold upon proper application for the payment of such debts as well as for the funeral expenses of one deceased. Whilst counsel cite several cases which they claim support their contention, we find none which do so. The cost of a suitable monument for one deceased is as properly chargeable against his estate as are the funeral expenses; and that lands may be sold in the absence of a personal estate to meet such claims is entirely clear. See *Crapo v. Armstrong,* 61 Iowa, 697; *Lutz v. Gates,* 62 Iowa, 513.

VI. Finally, it is contended that the court erred in not ordering a sale of a part of the land rather than the whole. Appellant Brown in her partition suit alleged that

6. SAME: sale *en masse.*

the land could not be divided, and she asked that it be sold and the proceeds divided. Moreover, there is an affirmative showing in the record that it was impracticable to sell the land otherwise than in a body. This testimony was undisputed and no reason appears for disturbing that part of the order.

Something is also said to the effect that had appellant Brown been permitted to proceed with her partition

suit, and the application to sell had been abated or continued, some defects in the title of the property might have been cleared up and a better price obtained for the land. We fail to discover anything in the record substantiating this claim. Partition suits can not ordinarily be made to serve the purposes of actions to quiet title, and no showing is made to substantiate the claim that the lands would have brought more at partition sale than they will under the order made by the probate court. For a small case the record is unusually complex and unsatisfactory. We find something like six abstracts in the case for which there is no possible excuse, save to render our burdens more onerous than we should be called upon to bear. In view of the great number of documents filed, it has been difficult to arrive at the exact points for decision.

7. SAME:
sale to
pay debts.

We discover no reason for disturbing the order of the trial court, and it must be, and it is, *affirmed.*