IN RE ESTATE OF JACOB SCHULTZ.

**EXECUTORS AND ADMINISTRATORS:** Notice of Application to Sell
1 Realty—Proper Proof of Service. Proof of service of a notice of an application for the sale of the property of a decedent to pay debts is not *necessarily* to be made by affidavit.

**PROCESS:** Service—Belated Proof. Principle reaffirmed that an affi-
2 davit of service of a notice of an application to sell the real estate of a deceased *must* be attached to the notice within six months after the order for service is entered. (See Sec. 4680, Code, 1897.)

**EXECUTORS AND ADMINISTRATORS:** Sale of Realty—Presumption
3 Attending Recitals. A recital in an order for the sale of the real estate of a deceased to pay debts, that all parties have had due and legal notice of the application to sell, generates a presumption that such fact was determined on *competent* evidence, *even though the proof of service attached to the notice is defective.*

**DESCENT AND DISTRIBUTION:** When Homestead Liable for Debts.
4 A homestead which passed under a *will* may be sold for the payment of debts of the decedent.

*Appeal from Poweshiek District Court.*—D. W. HAMILTON, Judge.

NOVEMBER 15, 1921.

PROCEEDING in probate, to set aside an order for the sale of real estate. Judgment denying the relief sought.—*Affirmed.*

*Frank Bechly,* for appellants.

*J. G. Shifflett* and *Boyd & Boyd,* for appellees.

STEVENS, J.—I. Jacob Schultz died testate, in 1917. By his will, he designated his brother, Fred Schultz, as executor. Fred Schultz qualified as such, and on October 17, 1918, filed a duly verified petition in the office of the clerk of the district

court of Poweshiek County, alleging that the personal property of the estate was insufficient to pay the indebtedness against the same, and that it was necessary to sell real estate for that purpose, and asked authority to sell Lot 3 in Schultz's Addition to the town of Malcolm, and Block 1 in Chapman's Addition thereto; and also that the court prescribe the notice to be given, and fix the time and place for hearing the application. On January 7, 1919, the court ordered that notice of the hearing be given by posting one notice on the bulletin board at the front door of the courthouse in Montezuma, Iowa, at least 10 days prior to January 20, 1919. On January 8th, a copy of the posted notice was filed in the office of the clerk of the district court, with the certificate of Glenn L. Eichhorn, clerk, indorsed thereon or attached thereto, reciting that a complete and correct copy thereof was posted on the bulletin board at the front door of the courthouse in Montezuma. The seal of the clerk's office was attached to the certificate. On January 20th, the court, after making full finding of all jurisdictional matters, and that the personal property was insufficient to pay the debts, authorized the executor to sell the above described real estate at public or private sale, but if at private sale, at not less than its appraised value. On September 9th following, the executor filed a report, showing the sale of the property to W. A. Currie at private sale, for the sum of $5,000, the appraised value thereof. The executor's report of sale was approved on the same day, and he was ordered to execute a deed to the purchaser in pursuance thereof. On November 10, 1919, John Schultz, Emma Lamb, *et al.*, heirs at law of Jacob Schultz and legatees under his will, filed a motion in the office of the clerk to set aside the alleged default and order of sale, and for a new trial, upon the grounds that they did not have notice of the application of the order to sell the real estate; that the notice was served only by posting on the bulletin board in front of the courthouse at Montezuma; that, as the only proof of such service was the certificate, and not the affidavit of the clerk, the court acted without jurisdiction; and that the order and sale was of no effect, and is void. It was also alleged in the motion that Block 3 was the homestead of Jacob Schultz and his wife at the time of his death; and that same descended to his heirs, freed from the debts of their ancestor;

and that no showing was made, before the order of sale was entered, that the personal property was insufficient to pay the debts that had been, or might be, proved against the estate. The motion was supported by the identical affidavit of each of the parties named, stating that no notice of the application of the executor was served upon them, and that they did not know about it until after the September term of court, at which the order was made. There was also an additional affidavit by May Broders that Block 3 was the homestead of her father and his wife, her stepmother, at the time of his death. The parties also filed answer, setting up the defenses already mentioned. W. A. Currie, the purchaser, intervened, and filed a resistance to the motion and application to set aside the order and the sale of the real estate to him, upon the ground that each and all of the parties named had full knowledge of the contemplated sale, acquiesced therein, and consented thereto, and that they are, therefore, bound by said proceedings. All of the affiants were cross-examined by counsel for the executor, and admitted that they knew that the executor contemplated a sale of the real property for the purpose of paying debts, and at least one or two of them admitted that they knew that application had been made to the court therefor. None of them, however, admitted knowledge of the posted notice.

No evidence was offered by appellants for the purpose of showing that the personal property was sufficient to pay the debts. As we interpret their testimony, appellants were prompted to seek to have the order of sale canceled and set aside for the reason that the property was sold too cheap. No evidence, however, was offered of its value. One of affiants stated that, shortly after his father's death, the heirs talked it over, and agreed that it should be sold for $6,800.

No claim is made that the posted notice was not sufficient in form or substance, but it is claimed by appellants that proof of service could only be made by affidavit, and that the certificate of the clerk was not sufficient proof of service: that is, that proof of service by affidavit indorsed thereon, or attached to a copy of the posted notice, is essential to the court's jurisdiction to order a sale of real estate; and that, with-

1. EXECUTORS AND ADMINISTRATORS: notice of application to sell realty: proper proof of service.

out such affidavit, no authority existed to hear the application or to authorize the executor to sell the property. Counsel, throughout their argument, apparently confuse the proof of service required of a notice of the character in question with the proof required of the publication of an original notice of the commencement of an action. All of the cases cited by appellant relate to notice by publication. *Broghill v. Lash,* 3 G. Greene 357; *Lot Two v. Swetland,* 4 G. Greene 465; *McGahen v. Carr,* 6 Iowa 331; *Tunis v. Withrow,* 10 Iowa 305; *Manion v. Brady,* 158 Iowa 306.

Sections 3534 and 3535 of the Code authorize the serving of original notice by publication, and prescribe the method of such service. Code Section 3536 is as follows:

"When the foregoing provisions have been complied with, the defendant so notified shall be required to appear as if personally served on the day of the last publication within the county in which the petition is filed, proof thereof being made by the affidavit of the publisher or his foreman, and filed before default is taken."

As contended by counsel for appellant, we have repeatedly held that proof of publication in accordance with the requirements of the above section is jurisdictional. It will be observed, however, that the statute requires such proof to be *made and filed before default is entered.* Section 3323 of the Code provides that sufficient real estate may be sold or mortgaged for the purpose of paying the debts against the estate of a decedent, if the personal property is insufficient therefor. Code Section 3324 provides that, before an order to that effect can be made, all persons interested in the real estate shall be served with notice in the manner prescribed for the commencement of civil actions "unless a different one is prescribed by the judge or court."

Appellants do not claim that a proper notice was not posted, as ordered by the court. It will at once be observed that there is nothing in Title XVII, Chapter 3, of the Code, relating to the settlement of estates, prescribing the kind of return or proof of service to be made of a posted notice. Counsel contend, however, that Section 4681 of the Code requires proof of service to be made by affidavit. This section is as follows:

"The posting up or service of any notice or other paper

required by law may be proved by the affidavit of any competent witness attached to a copy of said notice or paper, and made within six months of the time of such posting up."

The purpose and meaning of this section will be better understood if construed in connection with the following sections:

"Sec. 4680. Publications required to be made in a newspaper may be proved by the affidavit of any person having knowledge of the fact, specifying the times when and the paper in which the publication was made, but such affidavit must be made within six months after the last day of publication.

"Sec. 4682. Any other fact which is required to be shown by affidavit, and which may be required for future use in any action or other proceeding, may be proved by pursuing the course above indicated, as nearly as the circumstances of the case will admit.

"Sec. 4683. Proof so made may be perpetuated and preserved for future use by filing the papers above mentioned in the office of the clerk of the district court of the county where the act is done, and the original affidavit appended to the notice or paper, if there is one, and, if not, the affidavit by itself is presumptive evidence of the facts stated therein, but does not preclude other modes of proof now held sufficient."

The sections quoted above, in substance, appear in the Code of 1851 as Sections 2427 to 2430, inclusive. They have been continued in the several revisions since the Code of 1851, in each of which they have been codified under the subject "Evidence." They appear in Chapter 1, Title XXIII, of the Code of 1897, under the subtitle "General Principles of Evidence." Section 4680 clearly refers to publications of every variety which are required to be made in a newspaper, except original notices. Section 4681 authorizes proof of posting to be made by the affidavit of any competent *witness*, attached to a copy of the notice, if made within six months of the time of such posting. Section 4682 provides that any other fact which is required to be shown by affidavit, and which may be required for future use in any action or other proceeding, may be proved by pursuing, as nearly as the circumstances of the case will permit, the course indicated by the preceding sections. Section 4683 provides for the perpetuation and preservation for future use as evidence,

of all papers therein referred to.  This section specifically provides that proof by affidavit "does not preclude other modes of proof now held sufficient."  We have frequently had occasion to refer to these provisions of the Code, and to the proof of service required in certain cases, as will appear from an examination of the following cases:  *Shawhan v. Loffer,* 24 Iowa 217; *Lees v. Wetmore,* 58 Iowa 170; *Stanley v. Noble,* 59 Iowa 666; *Myers v. Davis,* 47 Iowa 325; *Tharp v. Brenneman,* 41 Iowa 251; *Spurgin v. Bowers,* 82 Iowa 187; *Mullinnix v. Brown,* 151 Iowa 468; *Belknap v. Belknap,* 154 Iowa 213; *Farrell v. Leighton,* 49 Iowa 174; *Markley v. Western Union Tel. Co.,* 144 Iowa 105.

The effect of the provisions of the above statutes is to prescribe a simple and easy method of proof of the matters covered thereby, and of preserving and perpetuating the same; but the method prescribed is not exclusive, and does not prevent proof of the same matters by other competent evidence.  *Shawhan v. Loffer,* 24 Iowa 217; *Lees v. Wetmore,* supra; *Markley v. Western Union Tel. Co.,* supra; *McConaughy v. Wilsey,* 115 Iowa 589; *McLenon v. Kansas City & St. J. & C. B. R. Co.,* 69 Iowa 320.

Proof of posting by affidavit is not, therefore, necessary to give the court jurisdiction of the parties.

2. PROCESS: service: belated proof.

The court permitted the executor to amend the return by attaching the affidavit of the clerk; but, as this was more than six months after the order for posting, it is without effect.  *Markley v. Western Union Tel. Co.,* supra; *McConaughy v. Wilsey,* supra.

II.  The court, at the time sale was ordered, found specifically that due and legal notice had been given to all of the parties interested in the real estate, and that it was necessary

3. EXECUTORS AND ADMINISTRATORS: sale of realty: presumption attending recitals.

for same to be sold, to pay the debts against the estate.  It will be presumed that the finding of the court that it had jurisdiction over the parties is based upon sufficient proof of the service of notice, and such finding cannot be collaterally attacked.  *Spurgin v. Bowers,* supra; *Tharp v. Brenneman,* supra; *Myers v. Davis,* supra; *Stanley v. Noble,* supra; *Lees v. Wetmore,* supra; *Mullinnix v. Brown,* supra; *Belknap v. Belknap,* supra.

The application in the case at bar is to set aside the finding and order of the court, and is, therefore, direct; but the pre-

sumption of regularity in the proceeding, even in a direct attack, can only be overcome by proof. The only evidence offered by appellants was the notice showing the defective return. This is not sufficient. So far as the evidence discloses, the finding of the court may have been based upon other proof, supplementing the certificate of the clerk. Whether the certificate alone, if found by the court to be sufficient, is enough, we need not determine.

Counsel for appellant calls our attention to a statement in the abstract that the court found that there was no other proof of posting than the certificate of the clerk. This finding is wholly without support in the evidence. Such finding could only be properly based upon evidence before the court.

III. The only other claim made by appellants is that Block 3 was the homestead of the ancestor of appellants, and that it descended to them free from his debts. Jacob Schultz died testate, and by his will gave to his wife $8,000 insurance, and bequeathed his real estate to his six children, share and share alike, subject, however, to the payment of his debts. In other words, appellants take under the will, and not by descent. All of the real estate was subject to be sold to pay debts.

4. DESCENT AND DISTRIBUTION: when homestead liable for debts.

We find no ground for reversal, and the judgment of the court below should be and is—*Affirmed.*

EVANS, C. J., ARTHUR and FAVILLE, JJ., concur.