IN RE ESTATE OF JOHN M. COLLINS.

LEACH, Receiver, v. COLLINS BROS. et al.; ANDREW, Receiver, et al., Interveners.

MARCH 12, 1929.

*William S. Hart,* for appellant.

*G. B. Richter,* for appellee.

STEVENS, J.—J. M. Collins, who resided at Waukon, Allamakee County, died November 29, 1918, intestate. He was possessed, at the time of his death, of considerable real and personal property. His brother, T. J. Collins, was appointed administrator, and served in that capacity until his death, which occurred August 18, 1925. Thereupon, the intervener, H. Haehlen, was

appointed administrator, as his successor. On October 15, 1921, the administrator filed an application to sell real estate to pay debts. Due and proper notice was given to this application, and on December 4th, the prayer thereof was duly granted. Up to the time of the trial in the court below, certain tracts had not been sold.

Three sons of the deceased's, M. L., William J., and John B. Collins, were engaged in the mercantile business at Waukon, under the designation and title of Collins Bros. The above-named partners, either as individuals or as a copartnership, became indebted to the Citizens State Bank of Waukon in a considerable sum. The assets and affairs of the bank were later transferred to the banking superintendent, as receiver. On March 28, 1925, in an action brought by the receiver against Collins Bros. upon a note for $2,000, an attachment was issued, and levied upon the interest of the defendants, as heirs at law of J. M. Collins in the real estate in controversy. Later, the administrator appeared and intervened in that action, and moved for the dissolution of the attachment, upon the ground that the estate of J. M. Collins had not been closed; that the personal property was insufficient to pay the debts thereof; and that an order had been duly entered, directing and authorizing the administrator to sell the real estate involved herein, for the purpose of paying claims against the estate. Later, the receiver of the bank appeared in the probate proceedings, and filed a motion or application to set aside the order of sale by the administrator, upon the grounds generally that sufficient assets had already come into the hands of the administrator, if properly and legally applied, to pay all of the claims filed against the estate. By stipulation of counsel, the motion of the administrator to dissolve the attachment and appoint a receiver, and the motion to set aside the order of the court directing and authorizing the administrator to sell real estate, were consolidated and tried as one action. The cases were, however, docketed separately in this court, but were again consolidated for the purpose of disposition in this court.

We deem it unnecessary to go at length into a discussion of collateral matters, or to make a detailed recital of the many contentions urged on behalf of the appellant. Suffice it to say that it is claimed by appellant that the proceeds of the estate

1076

coming into the possession of the administrator have been illegally disbursed, and that, if they had been properly applied, all claims against the estate would have been paid. A final report was made by his daughter and attorney after the death of T. J. Collins, which report was approved. The situation of the estate's financial affairs, as disclosed by the reports of the administrator, shows that something like $10,000 in claims duly filed against the estate remain unpaid.

The only question, therefore, requiring particular discussion or decision is whether the real estate was subject to attachment and sale in the action commenced by the receiver of the insolvent bank against the heirs. There has been no final accounting in probate, and no specific finding by the court as to the legality of any of the disbursements made by the administrator.

There is some contention by appellant that the order of the court directing and authorizing the administrator to sell real estate was void because of his failure to give proper notice, and because of other irregularities in the proceedings. This contention is wholly without merit. The record shows that the usual and ordinary proceedings were taken in the matter, and the statute complied with. The question as to whether the original administrator or his successor has been negligent in failing to effect a sale of real estate and in keeping the estate open so many years is not before us at this time. The claim is made by appellee that real estate values had declined one third, and that a purchaser has not been found.

The court sustained the motion to dissolve the attachment, and overruled the application to set aside and cancel the order authorizing the administrator to sell real estate. It is too well settled to require discussion that the real estate of an intestate passes to the heirs subject to the claims of creditors. Spurgin v. Bowers, 82 Iowa 187; Mullinnix v. Brown, 151 Iowa 468; In re Estate of Jackson, 198 Iowa 680.

The claims of creditors exceeded the value of the personal property, and the sale of real estate is necessary to discharge said claims. The right of the administrator and of creditors of the estate is, therefore, superior to the rights or claims of creditors of the heirs of the deceased. The rulings complained of were correct.

Some suggestion is made by counsel that the order directing and authorizing the sale of real estate by the administrator was waived and abandoned. There is nothing in the record to sustain the contention, even if it were possible for the administrator to abandon or refuse to carry out the order of the court.

Other contentions urged by appellant are without merit. It follows that the judgment of the court below is—*Affirmed.*

.ALBERT, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.