## THARP ET AL. v. BRENNEMAN.

1. **Jurisdiction:** SUFFICIENCY OF SERVICE. Where the service of the notice has been adjudged sufficient by the court to which it was returnable, the court will be presumed to have acquired jurisdiction thereby.

2. **Power of Attorney:** CONVEYANCE. The execution of a simple power without words of conveyance, but authorizing a conveyance to be made upon certain conditions and for certain purposes, vests no interest in the beneficiary.

*Appeal from Wayne District Court.*

THURSDAY, SEPTEMBER 23.

ACTION in chancery to set aside an administrator's sale and deed of certain lands of which Abner Fisher died seized; the plaintiffs are his widow and heirs, and the petition prays that the title to the lands may be quieted in them. Upon a trial on the merits the District Court dismissed plaintiffs' petition;

they now appeal to this court. The facts involved in the points ruled are found in the opinion.

*J. W. Freeland,* for appellants.

The service in a proceeding for the sale of the property of a minor should be made upon him and also upon the father, mother or guardian, or upon the person having the care and control of the minor. Without such service the county court had no jurisdiction. (*Allen v. Saylor,* 14 Iowa, 436; *Good v. Norley,* 28 Id., 188.) The court has no jurisdiction to appoint a guardian *ad litem,* unless there has been complete service upon the minor. (*Good v. Norley, supra; Lyon v. Vanatta,* 35 Id., 524; *Boyles v. Boyles,* 37 Id., 181.) The fact that a deed contained covenants to make any other deed that might be deemed necessary to carry out the purposes of an agreement could not vitiate the one already made, nor take from it its validity as a conveyance. (*Dussaume v. Burnett,* 5 Iowa, 95.) The grant of an estate to one with remainder to another confers upon the latter a present title, the enjoyment of which only is deferred, and the interest of the remainder man cannot thereafter be affected by any act of the grantor. (1 Washburn on Real Prop., § 85; 1 Cooley's Blackstone, Lib. 2, p. 165.)

*John Hayes, Jr.,* for appellee.

Parties are estopped after claiming as heirs their share of the proceeds of an administrator's sale, to afterwards claim the land sold. (1 Greenl. Ev., §§ 22, 23, 204, 210; Stephen's Pleading, 239; *Lucas v. Hart,* 5 Iowa, 415; *Bowers v. Keesecker,* 14 Iowa, 301; *Hall v. Darrow,* 13 Id., 368; *Parker v. Standish,* 3 Pick., 289; *Duchess of Kingston's Case,* State Trials, 261.) The judgment of a court of exclusive jurisdiction, directly upon the same point, is conclusive upon the same matter between the same parties, coming incidentally in question in another court for a different purpose. (*Whittaker v. Johnson Co.,* 12 Iowa, 595; Broome's Maxims, 241, 248; *George v. Gillaspie,* 1 G. Greene, 421.) Where an infant has entered into an agreement with a fraudulent intent, he may

be compelled to perform it. (Reeve's Domestic Relations, 260.) An attorney in fact, acting under a power from husband and wife, who conveys for the husband only, does not convey the wife's right to the grantee. (13 Iowa, 157.) The intention of the donor of the power governs, and that is to be inferred from the language used and the object and conditions attaching to it. These must be complied with to sustain a grant under the power. (11 Iowa, 407; 15 Id., 394; *Wilkinson v. Getty*, 13 Iowa, 157; *Hughes v. Holliday*, 3 G. Greene, 30.) In support of the validity of the sale, see *Morrow v. Weed*, 4 Iowa, 77; *Cooper v. Sunderland*, 3 Id., 114; *Long v. Burnett*, 13 Id., 28; *Judson v. Lake*, 3 Day, 318; *Dennison v. Hyde*, 6 Conn., 508. An officer's return proves the facts stated in it conclusively. (*Winchell v. Stiles*, 15 Mass., 230.) An administrator has jurisdiction of the whole estate by relation from the time of decedent's death. (12 Mass., 309.)

BECK, J.—I. It is first insisted that the judgment and proceedings of the county court, under which the administrator's

1. JURISDIC-TION: sufficiency of service.

sale and deed were had, are void because of want of service of the notice as required by law. The statute in force at the time requires, " when the defendant is a minor under the age of fourteen years, the service must be made on him and also on his father, mother or guardian, and if there be none of them within the state, then on the persons within the state having the care and control of such minor, or with whom he shall reside, or in whose service he shall be employed." Rev. § 2828. The return of service found of record fails to show in words, that it was served upon mother, guardian or person having the control of the plaintiffs, who were then minors under fourteen years of age. It shows service upon the minors themselves and also upon their mother, but does not state the fact of relationship. We are not prepared to hold that the return fails to show a sufficient service. But the question raised may be disposed of without deciding this point. The judgment of the court ordering the sale of the lands shows that the sufficiency

of the service was determined. There being a notice, which the court adjudged lawfully served, the proceedings cannot be regarded as void for want of jurisdiction on account of irregularities appearing in the record, which affect the service. We will presume that due proof of all matters necessary to be shown was made to the court upon which the adjudication of the sufficiency of the service was had. *Shawhan v. Loffer*, 24 Iowa, 218; *Pursley v. Hays*, 22 Iowa, 11; *Cooper v. Sunderland*, 3 Iowa, 125.

II. It is next insisted that the lands were conveyed to the purchaser under the administrator's sale, to be held in trust for plaintiffs. There is an entire absence of evidence to support this claim—certainly an entire absence of written evidence, which is demanded by the law, as it is an express trust which is attempted to be supported.

III. The purchaser of the lands at the administrator's sale was the father of one of the plaintiffs and the grandfather of the others. He executed to defendant, to whom the lands were afterward conveyed, a power of attorney authorizing him to convey the lands to plaintiffs upon certain conditions and for certain purposes. Plaintiffs insist that under this instrument an interest in the land vested in each of them. We are of a different opinion. The instrument is a simple power without words of conveyance. The authority to convey conferred thereby was never exercised, and the power itself by proper instrument was revoked.

*2. POWER OF attorney: conveyance.*

IV. It is claimed that no payment for the lands was made under the administrator's sale. This position is certainly not sustained by the record. It very clearly appears that the administrator was charged with the amount for which the lands were sold, and that plaintiffs received, in the distribution of the money remaining after payment of the debts of the estate, a part of the proceeds of the sale of the land.

AFFIRMED.