MARTHA ANN BACON *et al.*, Appellants, v. R. J. CHASE *et al.*, Appellees.

1.  Administrator's Sale : JURISDICTION OF COURT. WAIVER OF NOTICE: COLLATERAL ATTACK.   Where about four years after the issuance of letters of administration in this state upon the estate of a deceased non-resident, during which time no claims had been filed against the estate, the administrator made application for permission to sell certain real estate, situated in the same county, for the payment of debts, and accompanying said application was a statement of account in favor of the administrator in a sum about equal to the value of said real estate, upon which was indorsed the statement, that said account was just and true, and that the goods and estate of the deceased in Iowa ought to be sold for the purpose of liquidating the same, which indorsement was signed by the administrator of the same estate in Massachusetts, and by the widow of the deceased, also a resident of said state, on behalf of herself and as guardian for her minor children, *held*, that the indorsement upon said account operated as a waiver of notice by the widow, of the application to sell and that, the court having jurisdiction of the subject-matter, a sale of said real estate in pursuance of an order of court upon said application was valid as against the widow.

2.  ———: ———: LACHES: ADVERSE POSSESSION.   Nearly thirty years after the above order of sale the widow and children of the deceased, who had continuously during all that time been residents of Massachusetts, commenced this action to quiet their title to said real estate, offering to make payment of the money paid to the administrator for the land, together with all legal taxes and interest.   It was then about twenty-six years after the administrator's deed to said land had been recorded, and about ten years after the youngest heir became of age.   During all that time the widow had known that her husband died seized of said land, and of the above proceedings and sale, and the same facts were known to the children for many years after the commencement of this suit, but no claim of ownership was ·ever made by any of them until solicited to give a quitclaim deed a

| 83 | 521 |
| 98 | 302 |
| 99 | 82 |
| 99 | 350 |
| 83 | 521 |
| 105 | 185 |
| 83 | 521 |
| 116 | 274 |
| 83 | 521 |
| 118 | 583 |
| 83 | 521 |
| 119 | 43 |
| 83 | 521 |
| f133 | 576 |

short time before the commencement of this action. *Held*, that the plaintiffs were guilty of laches in not sooner asserting their rights in the land, and that they were now barred and estopped from claiming title thereto.

3. ———: ———: ———: ———. The adverse title of the defendants being of record, *held*, that the fact that during the time when the land in question was used as a farm a forty-acre tract of low land was not cultivated, and that after the land was platted into town lots only a few thereof had been occupied up to the commencement of this action, would not excuse the laches of the plaintiff, nor prevent the running of the statute of limitations.

4. ———: CONSIDERATION: PAYMENT. The debt for the payment of which the land in question was sold was one owing the administrator, and the land was sold to one P., to whom the administrator was indebted, and for that reason no money was actually paid by P. *Held*, that, under the circumstances of this case, the sale would not for such reason be deemed invalid.

*Appeal from Woodbury District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

MONDAY, OCTOBER 19, 1891.

NOVEMBER 17, 1888, M. A. Bacon, widow, and Moses C. Bacon, Leonard R. Bacon and Sarah Tule, sole heirs of Moses W. Bacon, filed their petition entitled as in equity against R. J. Chase and fifty-five other defendants. They alleged that Moses W. Bacon died seized of the northwest quarter of the southeast quarter of section 27, township 89, range 47, Woodbury county, Iowa, and that they became the owners thereof by inheritance; that the defendants are making claim of title thereto by virtue of a pretended deed of conveyance from Horace C. Bacon, as administrator of the estate of Moses W. Bacon, deceased, which they alleged, for various reasons set out, is absolutely void. They offered to pay to the defendants all money paid to Horace C. Bacon for the property, and all legal taxes paid by the defendants and their grantees, with interest, and ask to be quieted in their title. E. J. Haynes intervened, and claims to own the undivided twenty-

fifth part of the land in connection with the plaintiffs by conveyance from Moses C. Bacon since the commencement of this action, and joins with the plaintiffs in the allegations, tender and prayer in their petition.

R. J. Chase and forty-four other defendants join in answering. They admitted that the legal title to the land was in Moses W. Bacon at his death, and allege that Horace C. Bacon was duly appointed administrator of the estate in this state, and that such proceedings were had in the county court of Woodbury county as that on December 15, 1858, he was authorized to sell said land to pay debts; that on November 22, 1860, he sold and conveyed the same to Joseph C. Plummer, which sale and conveyance were approved by the judge of said court December 15, 1860, and the deed to Plummer duly recorded April 11, 1862, and under which the defendands hold title; that at all times since these defendants, and those under whom they claim title, have had the care, custody and possession of the land and have paid taxes thereon; that the defendant Chase caused the same to be platted into lots, blocks, streets and alleys, as an addition to Sioux City, and that the other defendants, or their grantors, have purchased and hold title to the lots, and many of them have built upon and improved the same; that for twenty-eight years the plaintiffs have allowed these defendants and their grantors to pay the taxes, exercise acts of ownership and possession over the land, to buy and sell to persons having no knowledge of the plaintiffs' claim, and to expend money upon the lands, without giving warning or notice of any claim thereto. The defendants alleged that the plaintiffs are barred, foreclosed and estopped from claiming any interest in the land by reason of the administrator's sale and conveyance, by the statute of limitations, and by their laches in asserting any interest therein.

The plaintiffs, in reply, alleged that the proceedings in the county court of Woodbury county for the sale of the lands were without jurisdiction, because no claim or indebtedness was proved against the estate; that none existed requiring such sale; that the application and order of the court did not name or describe the real estate to be sold; that the writ failed to prescribe any notice to be given; that the application and order were made on the same day; that no notice of said application was given to the plaintiffs, or any of them; that the court had no jurisdiction over them, or their interests in said property; that the order was not made nor the application heard at any regular session, nor at an adjournment of a regular session, nor at a time when said court had authority to hear the application or make the order; that no appearance was made by or for the plaintiffs, or any of them, nor was a guardian *ad litem* appointed to defend for the plaintiffs, Moses C., Leonard R. and Sarah T., then minors under the age of fourteen; that the pretended sale by the administrator was made nearly four years after his appointment, nearly two years after the order, at a time when no claims or debts had been approved or allowed against the estate, and when all such debts were barred; that it was a private sale, in another state, without actual consideration, and for an expressed consideration less than the appraised value of the property; that no report of the sale was ever made to the court, or the sale approved by the judge thereof. The plaintiffs further reply that they were and have been residents of Massachusetts; never resided in Iowa; that they were wholly ignorant as to the property or business of Moses W. Bacon in Sioux City; that they did not know Horace C. Bacon had been appointed administrator, and had no notice or knowledge of the proceedings in the county court for the sale of said property; that the land was vacant and unoccupied

until the fall of 1887, and that the plaintiffs had no knowledge of the platting and improvements thereafter made thereon, until a few weeks before bringing this action.

Jeremiah W. White filed his petition of intervention, claiming mortgage liens upon certain lots, as platted by the defendant Chase, from parties holding under Chase, and unites with the defendants in praying that the plaintiffs' petition be dismissed. The case was submitted to the court as an equity cause, and on March 17, 1890, a decree was entered dismissing the plaintiffs' petition, and giving judgment against the plaintiffs. for costs, from which judgment and decree they appeal. *Affirmed*.

*Hubbard, Spalding & Taylor*, for appellants.

*Joy, Hudson, Call & Joy, J. H. & C. M. Swan* and *Craig L. Wright*, for appellees.

GIVEN, J.—It will be seen from the foregoing statement of the pleadings that the controlling questions

1. ADMINISTRATOR'S sale: jurisdiction of court: waiver of notice: collateral attack.

between the plaintiffs and the defendants are whether the proceedings had in the county court of Woodbury county for the sale of real estate, and the deed made to Joseph C. Plummer, under whom the defendants claim title, was such as to divest the plaintiffs of their title to the land, or, in other words, whether that proceeding was legal; if the proceedings were not legal, then whether the plaintiffs are barred from now asserting their title by reason of their delay in doing so.

The record of the county court shows that Horace C. Bacon was duly appointed and qualified as administrator of the estate of Moses W. Bacon in Iowa, December 1, 1856; that the estate, consisting entirely of interests

in real estate, was appraised at sixty-eight hundred and forty-nine dollars and ninety-five cents. December 15, 1858, the administrator filed his petition, stating that there was no personal property to pay debts, and asking to be licensed "to sell so much of the real estate of said deceased as may be sufficient for that purpose." Accompanying this petition was an account against the estate, and in favor of Horace C. Bacon, for sixty-two hundred and forty-three dollars and ninety-eight cents, upon which was an indorsement as follows:

"We, William Richardson, administrator of the goods and estate of said deceased, in the commonwealth of Massachusetts, and Martha Ann Bacon, widow, and guardian of the minor children of said deceased, hereby certify that the above statement of claim against the estate of said deceased is just and true, and that the goods and estate of said deceased in Iowa ought to be sold for the purpose of liquidating the same.

"WILLIAM RICHARDSON,

"Administrator,

"MARTHA A. BACON,

"Guardian."

On the same day an order was entered of record, signed by the judge, that the administrator "proceed to sell, at public or private sale, so much of the decedent's real estate as will pay all the debts of said decedent, together with all incidental expenses and costs; and that said Horace C. Bacon, administrator, is hereby authorized to execute to the purchaser a valid conveyance of all the rights and interest of the said deceased at the time of his death in and to the real estate by him sold." November 22, 1860, Horace C. Bacon, administrator, executed a deed of conveyance to Joseph C. Plummer, conveying to him, by virtue of this order, certain real estate, including that in question, upon which deed is an indorsement as follows:

"STATE OF IOWA,    }
"Woodbury County. }

"Be it known that on this fifteenth day of December, A. D. 1860, after a careful examination of the above deed of conveyance, and the acts of H. C. Bacon, administrator, in executing the same, I hereby approve of such conveyance and sale. In witness whereof I have hereunto set my hand and seal.

"JOHN P. ALLISON,
"County Judge Woodbury County, Iowa."

This deed was filed for record April 11, 1862, and duly recorded.

It is a well-settled principle of law that only such objections as go to the jurisdiction of the county court can be raised in this collateral attack upon the proceedings and judgment of that court. If that court had jurisdiction of the subject-matter and of the persons interested the proceedings will be conclusively presumed to have been legally done. *Morrow v. Weed,* 4 Iowa, 77; *Wade v. Carpenter,* 4 Iowa, 361; *Little v. Sinnett,* 7 Iowa, 324; *Long v. Burnett,* 13 Iowa, 28; *Pursley v. Hayes,* 22 Iowa, 11; *Shawhan v. Loffer,* 24 Iowa, 217; *Read v. Howe,* 39 Iowa, 558; *Tharp v. Brenneman,* 41 Iowa, 251; *Hilton v. Budgett,* 43 Iowa, 684; *Lees v. Wetmore,* 58 Iowa, 178; *Stanley v. Noble,* 59 Iowa, 668. The land and administration being in Woodbury county, and a petition being filed, the county court had unquestioned jurisdiction of the subject-matter. The contention is whether it had jurisdiction of the plaintiffs.

Jurisdiction of these persons could only be acquired by the service of such notice and in such manner as is provided by law, or by their waiving such notice or voluntarily appearing. The plaintiffs were at all times residents of Massachusetts, and neither of them ever was in Iowa. The heirs were minors and all under fourteen years of age. They resided with, and were in the care and custody of, their mother, Martha Ann

Bacon, and each testifies that no notice of the proceedings to sell the land was ever served upon them. There is testimony showing that in the earlier years of the county's history the files of the county court were insecurely kept, and papers liable to be lost. It is urged that from this fact, and the presumption that arises from the court's exercising jurisdiction, we may infer that notice was served upon all the plaintiffs. Concede that there is nothing in the record aside from this presumption that any notice was prescribed or served, yet it is very clear that Mrs. Bacon did sign this indorsement for herself as widow and as guardian of her children, and thereby consented to granting the order for the sale of real estate to pay the claim of Horace C. Bacon, and equally clear, we think, that she thereby submitted herself to the jurisdiction of the county court in that proceeding. The statute in force at the time provided that, before an order could be made authorizing a sale of land by an administrator, "such notice as the court may prescribe must be given to all the persons interested in such real estate." The record does not disclose that any notice was prescribed, but it is contended that the court might have prescribed notice to Mrs. Bacon alone. If the court might have prescribed notice to the mother and guardian alone, there would seem to be no good reason why it would not acquire jurisdiction upon her waiver of notice and consent to the order.

Our attention is called to the statute requiring notice to minors under fourteen to be served upon the minor and also on the father, mother or guardian; but this is not a question as to the manner of service, but whether the consent of the mother, for herself and as guardian, to the making of the order sought, gave jurisdiction as to herself and the minors. The matter to be defended against was the right of Horace C. Bacon, administrator, to have an order to sell real

estate for the payment of the debt claimed by him of the estate. Mrs. Bacon, for herself and as guardian of her children, consented to the making of such an order, and for the payment of that particular debt. It is contended that, had notice to her as widow and guardian alone been prescribed and served, the court would have had jurisdiction of the persons of all these plaintiffs, and that as the court could have prescribed such notice it might act upon a waiver of notice, and consent to the order by Mrs. Bacon, for herself, and as guardian. In the view that we take of the remaining question, we need not determine whether the consent of Mrs. Bacon was sufficient to confer jurisdiction as to the minors. We think, however, that this waiver and consent is entitled to consideration in determining whether the plaintiffs are barred and estopped from now claiming the land by reason of laches.

Our next inquiry is whether the plaintiffs are barred and estopped from now claiming title to the land by reason of their delay in doing so. It is said in argument that this cause presents merely a contest of legal title, but the case was brought, and has been prosecuted without objection, as in equity, and both parties invoked equitable considerations in support of their claims; therefore, the case must be considered as an equitable action on this appeal. It is a familiar rule of equity that there must be conscience, good faith and reasonable diligence on the part of the party asking relief, to call into action the powers of a court of equity. *McKnight v. Taylor*, 1 How. 161; *Brown v. Buena Vista Co.*, 95 U. S. 157. In the latter case it is said: "The law of laches, like the principle of the limitation of actions, was dictated by experience, and is founded in a salutary policy. The lapse of time carries with it the memory and life of witnesses, muniments of evidence

and other means of proof. The rule which gives it the effect prescribed is necessary to the peace, repose and welfare of society. The departure from it would open a field to the evils intended to be excluded." See, also, *New Albany v. Burke*, 11 Wall. 107; *Fraker v. Houck*, 36 Fed. Rep. 403.

The law of laches is more especially applicable to cases where a party cognizant of his rights does not take steps to enforce them while they are open to him, but lies by and suffers other parties to incur expense, etc. *Tash v. Adams*, 10 Cush. 252. In *Carpenter v. Carpenter*, 70 Ill. 463, the court says: "We are aware of no principle of equity that will permit the complainant to abandon his property for eighteen years, when the records of the county and the notorious acts of the defendants would have shown him at any time that the defendants were claiming to be the owners." In *The Key City*, 14 Wall. 653, it is said: "Long acquiescence or laches can be excused only by showing some actual hindrance or delay caused by the fraud or concealment of the opposite party, which will appeal to the conscience of the chancellor." It has been uniformly held in this state that the statute of limitations applies equally in courts of equity as in courts of law. *Phares v. Walters*, 6 Iowa, 106; *Newman v. De Lorimer*, 19 Iowa, 244; *Relf v. Eberly*, 23 Iowa, 467.

The commencement of this action was the first assertion of ownership by the plaintiffs, or either of them. It was not commenced until nearly thirty years after the order to sell was made, twenty-eight years after the sale and conveyance, twenty-six years after the deed was recorded, and about ten years after the youngest heir became of age. In explanation and excuse of this delay it is said that the plaintiffs were residents of a distant state, were never in Iowa, and were ignorant of their rights to the property. While it

is true they were residents of Massachusetts, and were never in Iowa, it is evident that Mrs. Bacon knew that her husband died seized of land in Woodbury county, and knew of the proceedings to sell, and of the sale of the same. We are equally satisfied that each of the other plaintiffs knew the same facts for many years before the commencement of this action. It is probably true, as claimed, that they believed that they had lost all rights in the land by tax sales or otherwise, and, therefore, did not sooner make claim to it. It is certainly true that they did not make any claim of ownership whatever until solicited, a short time before the commencement of the action, to give a quitclaim deed. This request prompted them to inquire, and led to the discovery of all that is now urged against the defendants' title, and the further fact that the improvement and growth of Sioux City had greatly increased the value of the land. It will be noticed that the main ground upon which the plaintiffs seek to defeat the defendants' title is that the county court, ordering the sale of the land, did not have jurisdiction of the persons of these plaintiffs for want of notice. For nearly thirty years this claim was as apparent from the record as it is now, and for more than twenty-five years the public records of Woodbury county displayed the fact that the land in question was held by this title adversely to the plaintiffs. It is manifest that the plaintiffs made no inquiry whatever, and that, had they inquired, they would at any time within twenty-five years have learned from the public records all that is now known as to the defendants' title. Knowing, as they did years ago, that Moses C. Bacon had died seized of real estate in Woodbury county, reasonable diligence required that they should have investigated as to their rights, and asserted them within the time allowed by law, instead of remaining silent and inactive until innocent parties

had invested in the land, and in its platting and improvement.

III. It is said that the land was vacant and unoccupied until recently, before the commencement of this action, and that thereafter only a few of the lots into which it was platted were actually occupied. It is contended that the plaintiffs, as the holders of the legal title, were in possession, and that there was no actual adverse possession to notify them of the defendants' claim. As already stated, the records showed this adverse title. The forty acres in question are a part of the one hundred and twenty acres sold and conveyed under the order of the county court, the whole of which composed a farm. The forty, being low ground, was not cultivated or occupied separately from the rest of the tract until it was separately conveyed. The occupation of the tract included the forty acres, and thus it was continuously and openly occupied under the title from the administrator until conveyed to the defendant Chase, and thereafter by him and his grantees. In all these years neither of the plaintiffs ever paid or offered to pay any taxes, nor in any way asserted any interest in the land. We discover nothing in the facts of the case to explain or excuse the manifest laches of the plaintiffs, nor to take the case out of the rule of the statute of limitations.

IV. The further allegation, that Horace C. Bacon, administrator, sold and conveyed the land in payment of his own individual indebtedness, should probably be noticed. If this were true, it would not be available, as against these defendants, under the circumstances of the case. The fact, however, as it appears, is that the land was sold to pay a debt of the estate to Horace C. Bacon, a large part of which was for money advanced by him to pay a mortgage upon a homestead of his deceased brother, and to save it to the plaintiffs. It may be that no

money passed between him and Plummer, nor was it necessary that there should be. Plummer owed him, as administrator, for the land. He, as administrator, owed himself the debt, to pay which the land was sold, and he, in turn, personally owed Plummer.

The record and arguments are voluminous, and the questions discussed numerous; but, in our view, those which we have considered are controlling, and it is unnecessary to notice other questions discussed. Upon the whole record, we reach the conclusion that, as to Mrs. Bacon, the county court had jurisdiction, and that the sale and conveyance to Plummer are valid as to her; that, though her consent as guardian may not have given jurisdiction as to the children, they and she are alike barred from now-asserting title adverse to the defendants by reason of their long delay in doing so. The judgment of the district court is AFFIRMED.