ISABEL HORNBLOWER

*vs.*

HERBERT J. BANTON et als.

Penobscot.    Opinion December 31, 1907.

*Adverse Possession.    Colorable Title.    Presumptions.    Constructive Possession.*

The rule is well established in this State that where one occupies a portion of a lot of land under a colorable title acquired by deed and delivered and recorded, his occupancy extends to the whole of the land included in the deed. He, being in possession under a paper title containing a specific description by metes and bounds claiming the whole, and openly and notoriously exercising control of the premises, is presumed to be doing so to the extent of his claim.

But such a presumption must be limited to circumstances which would reasonably create it. It cannot, without evidence to support it, be extended to distinct lots held under different deeds though the colorable title may be in the same person, nor to separate contiguous tracts of land described in the same deed.

The rule of constructive possession is not applicable unless the lots are inclosed by a common fence embraced under one general description in the deed or in some such way merged in one parcel so that the occupation of a portion thereof could not be reasonably referred to anything less than the tract.

On exceptions by defendant Samuel L. Haskell.    Overruled.

Real action to recover Lot 21 in LaGrange, Penobscot County. Herbert J. Banton, Samuel L. Haskell and one Bean are the defendants. (The christian name of the defendant Bean is not disclosed by the case as sent to the Law Court.)

Tried at the January term, 1907, of the Supreme Judicial Court, Penobscot County. (Plea not disclosed by the case.) At the conclusion of the evidence, the presiding Justice instructed the jury to return a verdict for the plaintiff which was done. The defendant Haskell excepted to this instruction and also to a ruling during the trial excluding certain offered evidence.

HORNBLOWER *v*. BANTON.

The case appears in the opinion.

*Frank E. Guernsey,* for plaintiff.

*T. P. Wormwood,* for defendant Samuel L. Haskell.

*T. D. Bailey,* for defendant Herbert J. Banton.

*G. T. Sewall,* for defendant Bean.

SITTING : EMERY, C. J., WHITEHOUSE, PEABODY, SPEAR, JJ.

PEABODY, J. This was a real action to recover Lot 21 in the town of LaGrange, Penobscot County. The case comes before the Law Court on exceptions by one of the defendants to the ruling of the presiding Justice excluding evidence.

The plaintiff introduced evidence establishing a record title to the lot in question. The defendants then presented a chain of record title to the same lot but originating later than that of the plaintiff and they offered further to prove such acts of occupation for a period of more than twenty years of a part of Lot No. 1, as would constitute adverse possession, proposing to show in that connection that Lot No. 1 adjoined Lot No. 21 and that both lots had been held by one ownership but under separate deeds for a period, and under the same deed for nearly twenty years, claiming that this evidence would prove constructive possession of Lot No. 21.

This was excluded by the presiding Justice on the ground that the constructive possession did not extend to Lot No. 21. As no further evidence was offered a verdict for the plaintiff was directed.

The presiding Justice in charging the jury said :

"I understand the law to be that where one enters upon a lot under color of title, under a deed good or bad if it is good it is no matter, but if it doesn't turn out to be a good deed, enters under a colorable title and actually occupies a portion of that lot under the deed, his occupancy extends as a matter of law to the limits of his deed, but not over onto land covered by some other deed although he may have a deed of the other lot ; and as that is the only defense offered to the plaintiff's record title I instruct you to return a verdict for the plaintiff."

The defendant, Samuel L. Haskell, excepted to this ruling and these instructions.

The rule as stated by the presiding Justice is well established in this State. Where one occupies a portion of a lot under a colorable title acquired by deed delivered and recorded, his occupancy extends to the whole of the land included in the deed. *Banton* v. *Herrick*, 101 Maine, 134, and cases cited.

The ground upon which the doctrine of constructive possession is based is that one in possession of land under a paper title containing a specific description by metes and bounds claiming the whole and openly and notoriously exercising control and dominion over the premises is presumed to be doing so to the extent of his claim. 1 Cyc. 1126; *Humphries* v. *Huffman*, 33 Ohio St. 395; *Barber* v. *Robinson*, 78 Minn. 193.

Such a presumption must be limited therefore to circumstances which would reasonably create it; it cannot, without evidence to support it, be extended to distinct lots held under different deeds though the colorable title may be in the same person. *Broon* v. *Pearson*, 98 Tex. 469, nor even to separate contiguous tracts of land described in the same deed. *Morris* v. *McClary*, 43 Minn. 346; *Alston* v. *McDowall*, 1 McMullan (S. C.) 293; 1 Cyc. 1128.

Unless the lots are enclosed by a common fence, *Kerr* v. *Nicholas*, 88 Ala. 346, embraced under one general description in the deed, *Bacon* v. *Chase*, 83 Iowa, 521, or in some such way merged in one parcel so that the occupation of a portion thereof could not be reasonably referred to anything less than the tract, the rule of constructive possession would be inapplicable.

Nothing of the sort is suggested by the defendants in this case beyond the circumstance that the two lots were held by the same person and were held under the same title for nearly twenty years. This alone was not sufficient to bring the case under any exception to the general rule. The evidence of colorable title and occupation of Lot No. 1 was therefore properly excluded and in the absence of further evidence of title on the part of the defendants the instructions of the presiding Justice and directing a verdict for the plaintiff were correct.

*Exceptions overruled.*