## IN RE DENNENY.

**APPEAL AND ERROR:** Notice of Appeal—Time Limit—Orders
1 in Probate. An appeal from an order approving an executor's final report must be perfected within six months of the entry of such order.

**JUDGMENT:** Conclusiveness—Rulings on Vital Motions. A ruling
2 on a motion *vital to the matter under consideration* may constitute such an adjudication of the controverted matter as to justify the court in striking from the record subsequent filings which attempt a re-adjudication. So held as to a motion which sought the rejection of the final report of an executor.

*Appeal from Johnson District Court.*—R. P. HOWELL, Judge.

JANUARY 9, 1918.

WE are asked to review an order of the district court in approving certain reports in probate, and one striking out an amendment to objections filed subsequent to the making of said approval.. The appeal impleads a guardian and an executor, and is being prosecuted by a minor devisee.—*Affirmed.*

*Bailey & Murphy,* for appellant.

*Otto & Otto,* for appellees.

SALINGER, J.—I. For the purpose of developing the decision here, it may be conceded that the father of appellant, acting as executor of the will of appellant's grandfather, mortgaged the property of which the

1. APPEAL AND ERROR: notice of appeal: time limit: orders in probate.

grandfather died seized, expended moneys in manner not authorized by the will of the grandfather, and should not have been allowed such expenditures, in whole or in part. But the appellant so urged in objections filed to a report of the executor which the appellant himself terms a final report. Notwithstanding these objections, said report was approved, and said objections overruled. This occurred on the 10th of July, 1915. The only notice of appeal ever served was served on February 25, 1916. Since this was more than six months after said order of approval, we are without power to grant any relief as to anything that was finally accomplished or settled by the order of July 10, 1915.

II. After the time for appealing from the order of July 10th had expired, and on the 29th of January, 1916, appellant tendered what is, in effect, both an answer to the report which was approved on July 10, 1915, and an amendment of objections to said report. This paper was stricken out, on objection "that the original objections were heretofore overruled by the court; that said report was approved by the court; that all things complained about in said amendment were adjudicated and that said amendment was not filed in time, as by statute provided." This ruling was made on February 19, 1916. As notice of appeal was duly served on February 25th of that year, the appeal from this last action is timely. The question remains whether the stricken amendment was filed in time, and, if so, whether it is meritorious.

The pleading stricken out was sworn to. No other proof was made of its allegations, or adduced in support of the so-called amended objections. Assuming, for the sake of argument, that this verification is sufficient, in the absence of counterproof, the question is reached whether the adjudication urged is tenable. Now, while it is true that a ruling on a motion is not, in the full

2. JUDGMENT: conclusiveness: rulings on vital motions.

sense, available as *res judicata,* such a ruling, overruling objections to a final report, and approving such report, is *some* obstacle to entertaining a repetition of the attack presented by amended objections. The appellant urged against the approval the very point he presented by his amended objections, and presents now. He gives no reason why he should have the consideration of the trial court twice upon these objections; why, if the approval was erroneous, he would not have had all relief upon appeal therefrom, had he taken it, that the trial court could give him if it entertained a repetition of the objections. We are of the opinion that, when a vital motion is ruled upon and overruled, it is not error to strike out a repetition of the objections ruled on, where nothing new is presented in the amended objections, even though these be verified by the oath of the mover.

In view of this holding, *In re Estate of Munger,* 168 Iowa 372, relied on by appellant, is not in point. It declares the abstract proposition that all the authority an administrator has is what the statute gives, and that, if he makes an unauthorized contract, an ex-parte order approving same is invalid as against the estate, even though payment has been made according to such contract. The ruling here was not an ex-parte order.

*Tharp v. Brenneman,* 41 Iowa 251, contains a very strong implication that the service of notice, which appellant claims is defectively proven, is well proven; and *Wood v. Yearous,* 159 Iowa 211, is irrelevant because it defines what is proper proof of service of notice of the expiration of right of redemption from a tax sale. But we are not called upon to decide whether the notice of application for leave to mortgage was properly served. If the service were defective, that fact accomplishes no more than that the court erred in permitting the executor to mortgage. Contention was made in the contest upon the approval of the report

that this mortgage was unauthorized, and that the expenditure of the proceeds was unauthorized. The court overruled both contentions; and approved the report. Therefore, it settled that such notice was effectively served, as much as it settled anything else involved in the objections to the report.

We do not base our conclusions upon cases like *Pursley v. Hayes*, 22 Iowa 11, *Shawhan v. Loffer*, 24 Iowa 217, and *Tharp v. Brenneman*, 41 Iowa 251, because these define what may not be done on collateral attack; and the second motion which was here stricken out was not a collateral, but a direct, attack. We find nothing in *Eikenberry & Co. v. Edwards*, 67 Iowa 14, that has any bearing on this controversy. Many cases are cited by the appellee for the proposition that, where an amendment raises a new issue, such amendment should not be received after a case is submitted and decided, and that, at all events, the striking out of an amendment is not reversible error, unless an abuse of discretion is made to appear. These deal with amendments to pleadings proper, and perhaps should not control an amendment of objections in probate. But, for reasons already stated, this point need not be decided.

Nor do we apprehend the force of citation by appellee of *Hartkemeyer & Co. v. Griffith*, 142 Iowa 694, and of *Bicklin v. Kendall*, 72 Iowa 490. The first decides no more than that a substituted pleading which is not filed until after entry of the judgment appealed from will not be considered on appeal. The last holds that, while amendment may be allowed after judgment, to conform a pleading to other proceedings, yet, where an amendment by an intervener in an attachment case sets up new issues, it comes too late after judgment upon his original petition and a sale of the attached property.

We find no error, and the order appealed from must be —*Affirmed.*

PRESTON, C. J., LADD, EVANS, and GAYNOR, JJ., concur.