WILLIAM O. GILLIARD AND JULIA GILLIARD, RESPONDENTS, v. PUBLIC SERVICE RAILWAY COMPANY, APPELLANT.

Submitted March 19, 1920—Decided June 8, 1920.

1. Only those questions which are within the issue raised by the pleadings should be submitted to the jury, and a failure to observe this rule is legal error.
2. The gravamen of the complaint was the negligence of the defendant company in starting a trolley car, on which the plaintiff was a passenger, while she was in the act of alighting therefrom. In the trial some proof was admitted tending to show that the accident happened by reason of the fact that plaintiff stepped off the car before it had come to a standstill, being induced to do so by the conductor. The court charged the jury, in effect, that the defendant was liable if the conductor led the plaintiff to believe the car had stopped and thereby induced plaintiff to step off the car. *Held*, that the instruction dealt with an issue not raised by the pleadings, and was error.

On appeal from the Camden Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the appellant, *Lefferts S. Hoffman, Leonard J. Tynan* and *Joseph Coult, Jr.*

For the respondents, *Albert S. Woodruff.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiffs in this case are husband and wife. Action is brought to recover compensation for injuries received by the wife while a passenger on a trolley car of the defendant company. The trial resulted in a verdict in favor of each of the plaintiffs, and from the judgment entered thereon this appeal is taken.

The facts averred in the complaint upon which the liability of the defendant company was predicated are as follows: "The plaintiff Julia Gilliard became a passenger on one of the defendant's trolley cars, operated by its servants and agents, to be carried from Broadway and Walnut street to Fourth and Federal streets, in the city of Camden. After said car had stopped on Federal street at Fourth street, and while plaintiff was attempting to alight therefrom, said car was carelessly and negligently started by defendant's said servants in control thereof, suddenly and violently, causing plaintiff to be thrown with great force and violence to the street."

It seems to be conceded that in opening the case to the jury counsel for plaintiffs stated that they would prove that the accident happened either in the way averred in the complaint, or that the car, having slowed down almost to a stop, was restarted, and that the increased speed threw the female plaintiff to the street. Counsel for the defendant thereupon objected to the case being tried upon the latter theory, upon the ground that the defendant had had no intimation that its liability would be based upon any such ground. A colloquy then ensued between court and counsel; an opportunity was offered to the plaintiffs to amend the complaint to conform to counsel's opening, with an intimation that such amendment might possibly result in the postponement of the trial; and plaintiffs' counsel finally elected to proceed with his case "on the original papers," stating that "if the proof does not conform to it I will have to—I might take a voluntary nonsuit, if necessary," to which the court replied, "Well, that is the understanding, then, all right."

The trial of the case was then proceeded with and considerable testimony was offered showing that the accident occurred as averred in the complaint. There was, however, some proof admitted tending to show that the accident happened by reason of the fact that Mrs. Gilliard stepped off the car before it had come to a standstill, being induced to do so by the statement of the conductor that the car had come to a stop and acting upon that statement in the belief that it was true.

This being the state of the proof when the case was rested the trial court, after charging the legal rules to be applied by the jury if they should find that the accident occurred in the way set out in the complaint, said that "it would be the same thing whether the conductor leads a passenger to believe the car is stopped and thereby induces her to step off a car which is in motion as though the car had actually stopped, provided, of course, the passenger was justified in relying upon that rather than upon her own observation. In other words, if the conductor said to a passenger that the car is stopped he is the one to whom the passengers naturally look for guidance as to their movements, and if she relied upon that, and was justified in relying upon it, and was not guilty of any negligence herself in stepping off the car, then, as I say, it would be the same thing as though the car was actually stopped, even though it were not." This instruction was excepted to upon the ground that it permitted the jurors to find the defendant negligent upon a theory other than that set out in the complaint. The trial court, notwithstanding the exception, refused to withdraw it, saying: "I think the theory is pleaded; it is measurably psychological; it is either a fact or what the company induced her to believe a fact; I think that distinction is so shadowy that it cannot be held to be outside the case." Thereupon an exception was duly noted for the defendant, and it now seeks to reverse the judgment brought up for review upon the ground indicated in the taking of the exception.

We cannot concur in the view of the trial court that the instruction complained of dealt with an issue raised by the pleadings. The gravamen of the averment in the complaint is that the defendant's employes, having brought the car to a standstill for the purpose of enabling Mrs. Gilliard to alight from it, prematurely started it without affording her a reasonable time to do so in safety, and that that act of the employes was in disregard of the duty which they owed her of keeping the car at a standstill until she had safely alighted therefrom. The theory of the instruction was that the conductor, by his statement to the passenger that the car was at a standstill, induced her to attempt to alight while in fact it was moving; that in making this statement the conductor was palpably negligent and that his negligence was the inducing cause of the accident. In our opinion there is nothing in the language of the complaint, or in the reasonable inferences to be drawn therefrom, which suggest in the slightest degree that the plaintiff's injuries were the result of any such negligent act on the part of the conductor. It is clear, therefore, that the jury were permitted to base their verdict upon an issue not raised by the pleadings, and it may well be that their finding rests upon that issue. We conclude, therefore, that the judgment under review must be reversed; for it is a cardinal rule for the guidance of trial courts that only those questions which are within the issues raised by the pleadings should be submitted to the jury and that a failure to observe this rule is legal error. *Case* v. *Central Railroad Co. of New Jersey,* 59 *N. J. L.* 471; *Murphy* v. *North Jersey Street Railway Co.,* 71 *Id.* 5; *Jordan* v. *Reed,* 77 *Id.* 584. It is true that ordinarily the trial court will permit the complaint to be amended so as to present an issue which is developed at the trial, but not raised by the pleadings as originally framed (conserving, of course, the rights of the defendant in case such amendment is made); but, in the present case, the opportunity was offered the plaintiffs and declined. It would be improper now to mould the pleadings so as to present the new issue.