INHABITANTS OF TOWN OF ISLAND FALLS
*vs.*
A. K. R., INC.

Aroostook.    Opinion, March 23, 1961.

*Pilot & Pilot,* for plaintiff.

*M. P. Roberts,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

SIDDALL, J.   On Report.   This is a real action brought by the Inhabitants of Island Falls to determine title to an undivided five-sixteenths interest in and to some fifty-six lots or parts of lots of wild land situated in the plaintiff township. Defendant filed a plea of general issue with brief statement that plaintiff's title was invalid and ineffectual. The case was referred to a single justice under the old rules of court. Objections to the acceptance of the referee's re-

port were not acted upon by the presiding justice, and the case was reported by agreement to this court. We consider that the case is reported here for final determination on the facts as disclosed by the record.

It was stipulated that the property interest in dispute was owned by one Ansel L. Lumbert at the time of his death in 1929. He devised one-half thereof to one Ola Rivett-Carnac and the remaining one-half to certain trustees. On July 21, 1933, the estate of Ansel L. Lumbert was represented insolvent and commissioners in insolvency were appointed. On May 3, 1934, a waiver of the provisions of the will was filed by the widow, "Hazel L. Lumbert." Several suits were brought against the estate, and after judgment the property was sold by sheriff's deed. We are not quite clear in regard to the meaning of a stipulation that these deeds conveyed the interest of "Hazel H. Lumbert" in the real estate. In any event, the purchasers at the sheriff's sale conveyed their respective interests acquired under the sheriff's deed to one M. Jay Kramer. On January 30, 1940, Albert P. Putnam was appointed administrator d.b.n.c.t.a. of the estate of Ansel L. Lumbert, and he, as such administrator, gave a deed to the said M. Jay Kramer, the exact nature of which is not set forth in the stipulations. In 1952 M. Jay Kramer conveyed to the defendant the real estate in question.

The property was sold by the tax collector of plaintiff township for nonpayment of taxes on said property assessed against said Ola Rivett-Carnac and said trustees for the years 1931 and 1932. The property was bought by the Inhabitants of Island Falls at the collector's sale for each of these years, and after the statutory redemption period for the payment of the tax in each year had expired, a deed describing the property by individual lot numbers was received by the plaintiff and recorded.

The plaintiff concedes that the *tax deeds are invalid,* but claims title to the demanded premises by adverse possession

under color of title. The character of the occupancy of the land in question by the plaintiff falls short of the requirements of common law adverse possession, and the plaintiff does not argue otherwise.

Title by adverse possession rests upon statutes limiting the time within which an owner must bring a complaint for the recovery of land held adversely by another. The plaintiff claims adverse possession sufficient to meet the requirements of R. S., 1954, Chap. 174, Sec. 16, relating to the limitation of actions for uncultivated lands in incorporated places. This section reads as follows:

> **"Limitations of actions for uncultivated lands in incorporated places.**—No real or mixed action for the recovery of uncultivated lands or of any undivided fractional part thereof, situated in any place incorporated for any purpose, shall be commenced or maintained against any person, or entry made thereon, when such person or those under whom he claims have, continuously for the 20 years next prior to the commencement of such action or the making of such entry, claimed said lands or said undivided fractional part thereof under recorded deeds; and have, during said 20 years, paid all taxes assessed on said lands or on such undivided fractional part thereof, however said tax may have been assessed whether on an undivided fractional part of said lands or on a certain number of acres thereof equal approximately to the acreage of said lands or of said fractional part thereof; and have, during said 20 years, held such exclusive, peaceable, continuous and adverse possession thereof as comports with the ordinary management of such lands or of undivided fractional parts of such lands in this state."

The burden of proof of title by adverse possession is upon the party asserting it. *Penobscot Development Company* v. *Scott,* 130 Me. 449, 157 A. 311.

The plaintiff must prove (1) that he had claimed the land in dispute continuously for twenty years next prior to the

commencement of its action, under recorded deeds, (2) that he had paid all taxes assessed on said lands during said 20 years, and (3) that he had during all of said period held such exclusive, peaceable, continuous and adverse possession of said land as comports with the ordinary management of such lands or of undivided fractional parts thereof.

The tax deeds under which the plaintiff claims color of title describe the property as fifty-six separately numbered lots or parts of lots, not embraced under one description. The lots do not constitute one tract of land, and by grouping contiguous lots together we find a number of groups separated from each other and located in different parts of the township. There is no evidence that the lots were enclosed by a fence. Ordinarily where one occupies a portion of land under a deed, his occupancy constructively extends to the whole of the land included in the deed. However, where more than one lot is conveyed by deed, unless the lots are enclosed by a common fence, embraced under one general description, or in some way merged into one parcel so that the occupation of a portion thereof could not be reasonably referred to anything less than the tract, the rule above stated does not apply. *Hornblower* v. *Banton,* 103 Me. 375, 377.

The parties stipulated that the officials of the plaintiff township would testify and the town records disclose that certain possessory acts on the property were carried out by the town during the period from 1932 to 1954. They do not agree, however, on the interpretation of these stipulations. The plaintiff claims that these acts, under the stipulations, apply to all areas of the property in question, and the defendant contends that the stipulations cannot be given such a broad interpretation. However, it is unnecessary for us to resolve the differences between the parties in relation to the stipulations. Undisputed facts are present that decisively determine the rights of the parties, as between themselves, under the issues in this case.

Under the statute the plaintiff, during the entire period of twenty years next prior to the commencement of the action, must have held such exclusive, peaceable, continuous and *adverse* possession of the property as comports with the ordinary management thereof.

To be adverse the plaintiff's possessions must be hostile under a claim of ownership or title against the true owner. " . . . . adverse possession, to create title, does not consist alone of mental intentions but must also be based on the existence of physical facts which openly evince a purpose to hold dominion over the land in hostility to the title of the real owner, and such as will give notice of such hostile intent." *Webber* v. *Barker*, 121 Me. 259, 264.

The action in this case was commenced on February 14, 1956. The record discloses that taxes were assessed by the plaintiff township in 1935 and 1936 against the same persons named in the tax deeds relied upon by the plaintiff to show color of title. Collector's tax liens, so called, were recorded for these years. Thus, within twenty years next prior to the date of the writ in the instant case the town has recognized an interest in the same persons whose property had been sold for nonpayment of taxes, and deeds thereof acquired by the town. Furthermore, lien claims to secure the payment of taxes for these years were filed against the same property by the town upon whom rests the burden of proving that at that time it held the property adversely. The plaintiff cannot claim title by adverse possession, and at the same time recognize the title in one from whom it claims. The taxation of the property, under the circumstances of this case, clearly indicates a lack of adverse claim.

The plaintiff has failed to prove the necessary elements to establish title by adverse possession.

The entry will be

*Judgment for Defendant.*