**JOHN WALLINGFORD FRUIT HOUSE INCORPORATED**

**v.**

**Esther MacPHERSON.**

Supreme Judicial Court of Maine.

May 26, 1978.

When asked this question at trial, Mr. Hildebrand indicated that he did not know.

Fales & Fales, P. A. by Roscoe H. Fales, Lewiston (orally), for plaintiff.

Hart & Stinson, P. A. by Ronald A. Hart, Bath (orally), for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

This cause arises out of a challenge to the title to some twenty acres of uncultivated land, in the town of Bowdoinham. By agreement, and pursuant to Rule 53, M.R. Civ.P., this cause was tried before a referee, who recommended judgment for the Defendant upon his conclusion that she had established adverse possession pursuant to 14 M.R.S.A. § 816.

The Plaintiff corporation timely objected, M.R.Civ.P. 53(e)(2)(ii) (since amended), and moved to remand to the referee. The Defendant served and filed a cross-motion to "accept" the referee's report. After hearing, at which no further evidence was adduced, pursuant to Rule 53(e)(2) the court below modified the referee's report to reflect a stipulation of the parties that record title to the disputed parcel was in the Plaintiff. As so modified, the court below "accepted" the report. Judgment was entered thereon, and the Plaintiff appealed.

We sustain the appeal.

In Maine title by adverse possession may be established either under the common law or pursuant to statutory provisions. One of the statutes under which adverse possession may ripen into title is 14 M.R.S.A. § 816, applicable to "uncultivated lands."[1] It is that statute which is here invoked by the Defendant. In general terms, if the other statutory prerequisites are met, the character of occupancy which must be demonstrated falls short of the requirements of common law adverse possession. This appears to be in furtherance of a legislative purpose to afford possessory titles to wild lands protection comparable to similar titles to other types of land.

Long ago this Court recognized that in enacting P.L.1907, c. 117 (the predecessor of 14 M.R.S.A. § 816), the Legislature perceived that "in the nature of things" it was difficult to show open, notorious, continuous and exclusive possession of land in the

---

1. In pertinent part, 14 M.R.S.A. § 816 provides as follows:

    No real or mixed action for the recovery of uncultivated lands . . . situated in any place incorporated for any purpose, shall be commenced or maintained against any person, or entry made thereon, when such person or those under whom he claims have, continuously for the 20 years next prior to the commencement of such action or the making of such entry, [1] claimed said lands . . . under recorded deeds, [2] and have, during said 20 years, paid all taxes assessed on said lands or on such undivided fractional part thereof, . . ., [3] and have, during said 20 years, held such exclusive, peaceable, continuous and adverse possession thereof as comports with the ordinary management of such lands or of undivided fractional parts of such lands in this State.

Maine woods. *Stewart v. Small,* 119 Me. 269, 274, 110 A. 683 (1920).

■ On the issue of adverse possession, the burden of proof is on the party claiming by adverse possession. *Penobscot Development Co. v. Scott,* 130 Me. 449, 451, 157 A. 311 (1931). Here that burden falls on the Defendant.

In order to bring herself within the statute, this Defendant must show, *inter alia,* that she, or those under whom she claims, have continuously for twenty years ". . . claimed such lands . . . under recorded deeds . . . ."

In the case at bar, each party submitted to the referee a series of deeds by which the party derived its or her claim of title. The referee found that neither party's chain of title was sufficiently definitive to identify the disputed lot. He went on, nevertheless, to find that the Defendant had claimed the disputed lot under a recorded deed. Those two findings, taken together, create a fatal ambiguity which requires us to set aside the judgment entered upon the adoption of the referee's report.

■ If adverse possession pursuant to the common law were the Defendant's claim, it would not matter whether her deeds had reference to this or some other lot. She asserts adverse possession under 14 M.R.S.A. § 816, however, and when she does that, she must prove that one or more of her deeds so encompassed the disputed lot as to give her color of title.[2] The referee's two findings set forth above suggest that the referee may have proceeded on the erroneous assumption that she could establish adverse possession under this statute through a deed or deeds which in fact de-

scribed some other parcel, and not the lot here in controversy.

■ As is stated in one eminent text: . . . [A] deed constitutes color of title only as to the land described in it. As a result land occupied under the mistaken belief that it is encompassed in a deed does not confer adverse possession under "color of title" statutes. [Footnote omitted]. 7 Powell on Real Property, par. 1017, p. 739 (1949).

■ We do not intend that, upon remand of this cause, the Defendant shall be foreclosed from attempting to bring herself within the statute which she invokes.[3] It is apparent from the record that she was the owner of several parcels of land in Bowdoinham. In order for her to prevail under 14 M.R.S.A. § 816, she must by competent evidence establish at least that by virtue of some deed or deeds she has color of title to the disputed lot. Cf. *Blance v. Alley,* Me., 330 A.2d 796, 799 (1975). There was no finding by the referee that she had, or had not, done this.

■ Here it was stipulated by the parties that the Plaintiff corporation had record title to the disputed lot. This circumstance does not *per se* prevent the Defendant from successfully asserting a title by adverse possession under 14 M.R.S.A. § 816. See *Hornblower v. Banton,* 103 Me. 375, 376, 69 A. 568 (1907).

Finally, we call attention to another error which, while not central to our decision, should be addressed during further proceedings in this cause. The referee found that the Defendant at one time had a camp on the disputed parcel. There was testimony that, at one time, the Defendant was going to build a camp, but the record is silent as

---

2. "Color of title" has been defined to be that which in appearance is title, but which in reality is no title. *Wright v. Mattison,* 59 U.S. 50, 56, 15 L.Ed. 280 (1855).

3. Upon remand the court below has considerable flexibility in determining what further proceedings should be held. Our action in setting aside the judgment necessarily has the effect of vacating the court's adoption of the referee's

report. However, the court retains all other options of Rule 53(e)(2): (1) to further modify the referee's report; (2) to reject it in whole or in part; (3) to receive further evidence; and (4) to recommit with instructions. Furthermore, if the court should find it to be in the interests of justice, it may order a trial *de novo,* either before the court or before the referee.

to whether a camp was in fact built. The referee's finding on that point was clearly erroneous and should not have been adopted by the court below. M.R.Civ.P. 53(e)(2).

The entry is:

Appeal sustained.

Judgment set aside.

Remanded to Superior Court for further proceedings consistent with the opinion herein.

No costs allowed on appeal.

DUFRESNE, A. R. J., sat at oral argument as Chief Justice, but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.

POMEROY, WERNICK, ARCHIBALD, DELAHANTY, and GODFREY, JJ., and DUFRESNE, A. R. J., concurring.