Dorothy MERCIER et al.

v.

Kermit ALLEN et al.

Supreme Judicial Court of Maine.

Argued May 6, 1982.

Decided June 1, 1982.

Anderson, Merrill, Norton & Relyea, Lawrence E. Merrill (orally), Bangor, for plaintiffs.

Freeman A. Robinson (orally), Hampden, for defendants.

Before McKUSICK, C. J., and NICHOLS, ROBERTS, CARTER and WATHEN, JJ.

McKUSICK, Chief Justice.

In her action for partition and accounting, plaintiff Dorothy Mercier[1] claims a two-thirds undivided interest in an uncultivated lot of land (the "Mountain Lot") situated within the town of Frankfort. As against Mercier, defendants claim they have acquired title to the Mountain Lot through adverse possession as authorized by 14 M.R.S.A. § 816 (1980). After a bench trial, the Superior Court (Waldo County) agreed with defendants' position;[2] and on appeal we affirm.

Plaintiff Mercier was the only heir of Percy W. Hall, who died intestate on March 3, 1945, survived also by a widow, Arlene Hall. Mr. Hall had acquired the Mountain Lot by a recorded quitclaim deed dated February 20, 1926, and if he owned the lot at the time of his death, it would by intestacy have descended one-third to his widow and two-thirds to his daughter, now plaintiff in this action. *See* R.S. ch. 156, § 1(I, II) (1944).

Prior to Percy Hall's death the Town of Frankfort purported to foreclose tax liens on the Mountain Lot.[3] By quitclaim deed dated March 29, 1945, the Town conveyed the entire premises "formerly owned by Percy W. Hall" and "later acquired by tax lien by the Inhabitants of the Town of Frankfort" to Arlene Hall, the widow. On the next day, Mrs. Hall purported to convey the entire interest in the same premises by quitclaim deed to Harvard DeBeck, reciting as the source of her title to the entire premises the "convey[ance] to me by Municipal Quit-Claim Deed on March 29, 1945 by said Town of Frankfort." Both deeds were

---

1. Stanwood C. Tingley, who recently acquired part of whatever interest Mercier has in the Mountain Lot, joined as plaintiff. We will hereafter make no reference to Tingley's claim except as derivative from Mercier's interest in the premises.

2. The Superior Court also bottomed its decision in favor of defendants upon a finding that Mer-

cier's claim of title was time-barred under 14 M.R.S.A. § 801 (1980). We have no occasion to review the Superior Court's alternative ground for decision.

3. For purposes of this litigation the parties now stipulate that the tax title of the Town of Frankfort was invalid.

recorded shortly thereafter. The present defendants claim title by virtue of a duly recorded quitclaim deed from Harvard De-Beck dated July 23, 1952. Between 1945 and 1952 DeBeck had cut some wood on the Mountain Lot and cleared a small area for a blueberry patch. Since July 23, 1952, the Allens, now defendants in this action,[4] have paid all taxes on the property, picked blueberries there one year, cut some wood there another year, and every year inspected the lot for a few hours.

Plaintiff Mercier commenced the present action by filing the complaint on July 6, 1972. Defendants answered and counterclaimed, seeking *inter alia* a declaration that they had acquired title to the Mountain Lot by adverse possession. We hold that the Superior Court correctly upheld defendants' claim of title by adverse possession pursuant to the provisions of 14 M.R.S.A. § 816.[5]

On the issue of adverse possession under section 816, defendants had the burden[6] of proving, as applied to the present case, (a) that the Mountain Lot is uncultivated land, (b) that it is situated in an incorporated place, and (c) that, for 20 years next prior to July 6, 1972, the Allens and DeBeck before them had:

(i) claimed the Mountain Lot under a recorded deed;

(ii) paid all taxes assessed on the Mountain Lot; and

(iii) held such exclusive, peaceable, continuous and adverse possession of the Mountain Lot as comports with ordinary management of such uncultivated lands in this state.

That the Mountain Lot is the sort of uncultivated land to which section 816 applies is doubly established by a stipulation of the parties and an independent finding of fact by the trial justice. The Superior Court also found that the town of Frankfort is an "incorporated place." Defendants have likewise carried their burden on the nature of the conduct by themselves and their predecessors in title from July 6, 1952, on. Throughout the critical 20-year period they claimed title under a recorded deed purporting to convey to them in fee simple the entire interest in the Mountain Lot. It is of no moment that the deed in fact conveyed only Arlene Hall's one-third interest as the surviving widow; it is of no moment that it is now stipulated the Town's tax title was invalid. The 1945 Hall-to-DeBeck deed and the 1952 DeBeck-to-Allen deed conveying the whole title purportedly obtained by the Town through the foreclosure of tax liens created a "color of title" adequate for section 816. *John Wallingford Fruit House, Inc. v. MacPherson*, Me., 386 A.2d 332, 334 (1978).

The record contains adequate evidence to support the trial justice's finding of fact that the Allens and DeBeck paid all taxes assessed upon the Mountain Lot from July 6, 1952, on. Defendants testified that they paid all taxes from 1952 to the date of the hearing. Although they did not receive their deed from DeBeck until July 23, 1952, and their testimony does not necessarily

---

**4.** During the pendency of this action, Gertrude Allen, one of the two grantees in the 1952 deed and one of the two defendants originally named in the complaint, conveyed her interest in the Mountain Lot to Kermit Allen, who has been substituted for her as a defendant.

**5.** 14 M.R.S.A. § 816 (1980) reads in pertinent part as follows:

No real or mixed action for the recovery of *uncultivated lands* or of any undivided fractional part thereof, *situated in any place incorporated for any purpose*, shall be commenced or maintained against any person, or entry made thereon, when such person or those under whom he claims have, continuously *for the 20 years next prior to the com-* mencement of such action or the making of such entry, *claimed* said lands or said undivided fractional part thereof *under recorded deeds*; and have, during said 20 years, *paid all taxes assessed* on said lands or on such undivided fractional part thereof; ... and have, during said 20 years, *held such exclusive, peaceable, continuous and adverse possession thereof as comports with the ordinary management of such lands* or of undivided fractional parts of such lands in this State.

(Emphasis added)

**6.** *See John Wallingford Fruit House, Inc. v. MacPherson*, Me., 386 A.2d 332, 334 (1978).

establish that taxes were paid for the prior 17 days included in the critical 20-year period, the justice properly could infer that they or DeBeck had in fact paid the taxes. Positive evidence established that plaintiff Mercier never paid any taxes, and one can infer from the record that the lot was never subject to a tax lien from 1945 until commencement of this action. Furthermore, section 816 requires only that all "taxes *assessed* on said lands" be paid during the statutory period of 20 years by the parties claiming title by adverse possession. Technically, the first taxes that would by law have been assessed within the 20-year period that is being focused upon in the instant action would have been those assessed as of April 1, 1953. The Allens clearly paid those and all subsequent taxes as here pertinent.

Finally, the quality of the possession exercised by DeBeck and the Allens from July 6, 1952, on was justifiably found by the trial justice to meet the reduced standard of section 816. As this court stated in *John Wallingford, supra* at 333, "if the other statutory prerequisites are met, the character of occupancy which must be demonstrated falls short of the requirements of common law adverse possession." The occupancy need be only such "as comports with the ordinary management" of uncultivated lands in Maine. That lesser standard "further[s] ... a legislative purpose to afford possessory titles to wild lands protection comparable to similar titles to other types of land." *Id. Cf. Soper v. Lawrence Bros. Co.*, 98 Me. 268, 56 A. 908 (1903), *aff'd*, 201 U.S. 359, 26 S.Ct. 473, 50 L.Ed. 788 (1906) (under P.L. 1895, ch. 162, relating to wild lands taxed by the State). The trial justice's conclusion, that the DeBeck-Allen possession was exclusive, peaceable, continuous, and adverse in a way to comport with the ordinary management of uncultivated lots, was a finding of fact. *See McMullen v. Dowley*, Me., 418 A.2d 1147, 1154 (1980). Even though the Allens cut wood and picked blueberries only once on the Mountain Lot and otherwise only made a brief annual inspection, we cannot on appeal say that the justice committed any clear error in making the statutory finding of fact as to the quality of their possession.

The entry is:

Judgment affirmed.

All concurring.

